UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                    )
In re BLACK FARMERS DISCRIMINATION  )
LITIGATION                                                     )     Misc. No. 08-0511 (PLF)
_____)
                                                                    )
This document relates to:                              )
                                                                    )
            ALL CASES                                       )
_____)

### THE MORGAN GROUP'S COMMENTS TO PROPOSED CASE MANAGEMENT ORDER NO. 1

The Plaintiffs in Case No. 1:08-cv-1181-PLF, and thousands of additional claimants represented by undersigned counsel whose claims have not yet been filed (hereinafter, "The Morgan Group") responds to the Proposed Case Management Order submitted by the Crowell firm on behalf of all Plaintiffs other than those represented by undersigned counsel, as follows:

### THE LAY OF THE LAND

1. Six law firms have joined together as a sort of mega law firm to represent claimants in this matter. Those firms; McEachin & Gee; Chestnut, Sanders, Sanders, Pettaway & Campbell; James Scott Farrin; Pogust, Braslaw & Millrood; and Conlin, Frantz & Phelan; and Phillip L. Fraas (hereinafter, "The Megagroup") are proceeding essentially as one firm, have jointly sponsored a website found at www.blackfarmerclaims.com, and are signing clients as one "joint venture." The Megagroup is closely aligned with the National Black Farmers Association and its President, Dr. John Boyd, as evidenced by the content of the blackfarmerclaims.com website. To their credit, these six law firms have hired the Crowell firm to act as a liaison between the Court and Plaintiff's counsel, as well as between Plaintiffs and DOJ/USDA's

counsel. As it turns out, the Crowell lawyers have also aptly served as liaison between The Megagroup and The Morgan Group.

2. The Morgan Group entered an appearance after the other six firms had already joined forces, and after this court entered its Order dated July 3, 2008, which Order appears to have precipitated the creation of the Megagroup. Morgan & Morgan, P.A. is one of the largest Plaintiffs firms in the nation, with more than 100 lawyers practicing in seven offices throughout the southeast, assisted by about 700 full-time support staff. The firm maintains full-time offices in Mississippi, Georgia, Tennessee and Florida. Well before the Pigford II cases were commenced Mike Espy became Of Counsel to the firm and practices in the Jackson, Mississippi office of which Greg Francis is Managing Partner. Scott Wm Weinstein is the Partner in charge of the firm's National Consumer Class Action and Mass Tort Section. Morgan & Morgan and Mike Espy are aligned with the Black Farmers and Agriculturalists Association, Inc. ("BFAA") which has 15,000 paid members, many of whom are Pigford II claimants.

3. Both Groups continue to hold informational sessions throughout the affected geographic area.

4. There have been numerous ongoing amicable discussions between the groups; however the groups have been unable to combine as one.

5. Therefore, this litigation moving forward is made up of two law firm groups, each aligned with separate (and rival) black farmer advocacy organizations.

## **AGREEMENTS**

6. Both groups have expressed a commitment:

(1) to maximize each claimant's recovery in accordance with Congressional intent;

(2) in the event appropriated resources are insufficient to fully compensate each claimant, to ensure that all funds are proportionately allocated among all claimants;

(3) to structure attorneys' fees in a reasonable and consistent manner;

(4) to share resources when possible to avoid duplication and maximize client recovery; and

(5) to support the entry of a case management order setting forth a structure for going forward.

**UNRESOLVED MATTERS**

7. This Court's express and inherent powers enable it to exercise extensive supervision and control of this litigation. *See* Manual for Complex Litigation, Fourth, § 10.1. Fed. R. Civ. P. 16(c)(12) specifically addresses complex litigation, authorizing the judge to adopt "special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems."

8. In this vein, the Court has expressed its intent and desire to implement a case management structure with a goal of bringing about a just resolution as speedily, inexpensively, and fairly as possible.

9. The Court left no doubt it will tailor case management procedures to the needs of this particular litigation and that the cases must be resolved through in aggregated process rather than a series of individual cases.

10. In undersigned's view, this case can proceed in one of two ways; 1) a consolidated process similar to "mass tort" litigation, or 2) Rule 23 class. The court has already indicated all of the cases will be consolidated and, at this point, the case is essentially being handled as a coordinated multi-party litigation matter, but the Court's reference to Rule 23

treatment has not gone unnoticed, and it is no secret the Defendant would prefer Rule 23 treatment with an eye toward obtaining "Claims Preclusion" or *Res Judicata.*

11.  There is no doubt the aggregate claims under § 14012 far exceed the current amount appropriated by that Act. This creates challenges going forward.  For instance, both groups share a belief that Congress intended to fully compensate Pigford late-filer claimants. But this court's jurisdiction is predicated upon the authority granted by §14012, and, conceivably could be divested if and when all appropriated funds are "depleted." Further, the Act does not address the issue of attorney's fees and costs.  It is estimated Plaintiffs' counsel will expend millions of dollars in out-of-pocket internal expenses educating claimants and processing claims, in addition to the opportunity costs of counsel time.  The court briefly addressed this issue and expressed concern about it.

12.  Many of The Morgan Group's clients, especially BFAA, believe that in addition to adjudicating §14012 claims, the court should review and declare the rights and obligations of the parties (and successful Pigford I claimants who were not late filers) arising from the compliance, *vel non*, of the provisions of Section 11 of the Pigford Consent Decree which provided for "Class-Wide Injunctive Relief."  This relief is especially suited to Rule 23 treatment.  The Morgan Group intends to file either a new Complaint for this relief or amend the pending action.

13.  In the meantime, both groups continue to meet with and sign new clients. The Megagroup is engaged in aggressive marketing activities as evidenced by its website.  The Morgan Group is also engaged in such efforts, and additionally supports pursuing a Declaration of and expanded group of claimants' rights to Class-Wide Injunctive Relief.  This is where the Proposed CMO1 becomes problematic.  While it appears six of seven firms support the designation of Mr. Chestnut as "co- lead counsel," in actuality it is Mr. Chestnut's joint venture group urging his appointment, even though it flies in the face of the purpose of that role (see,

*Manual*, §10.221).  Under the circumstances we think a member of each group should share the Lead role, but if the court were inclined to limit the appointment to only one lawyer, as an accommodation we have not opposed Andy Marks' appointment as he has assured us, and based on his display of a high level of professionalism, we are satisfied, that he will undertake his duties with due regard to the interests and positions of both groups. It should be noted that as a representative of The Megagroup Mr. Marks has openly opposed Rule 23 treatment.  Our lack of opposition to Mr. Marks serving as Lead Counsel is with the express understanding that it in no way prejudices The Morgan Group's right to urge Rule 23 treatment, and his appointment in no way suggests he will assume the parallel role in a potential or inevitable 23(g) process. The purpose of the CMO is to provide a structure to counsel for a way going forward, and to facilitate discussions with Defendant. Considering Mr. Marks represents the Megagroup there is no reason for Mr. Chestnut to occupy a court-anointed title but-for his group's ongoing marketing activities, as no one is suggesting he would take an active place in this litigation. It is productive of no good to appoint a person to a to a position which the court "anticipates….will take the lead in all proceedings before the Court…." when in fact he will not.  It is important for Black farmers to have confidence in the process, and honorary designations have no place here.

    14.  The Morgan Group respectfully moves that Scott Wm Weinstein, Gregorio Francis and Mike Espy share a seat on the Plaintiff's Steering Committee, and do not oppose the appointment of Mr. Chestnut, Mr. Pogust and Mr. Ferrin to the Plaintiff's Sterring Committee.

Dated: August 22, 2008                    Respectfully submitted,

                    /S/
                    Scott Wm Weinstein, Esquire
                    MORGAN & MORGAN, P.A.
                    12800 University Drive
                    Suite 600
                    Fort Myers, Florida 33907
                    Tel: 239-433-6880
                    Fax: 239-433-6836
                    Email: sweinstein@forthepeople.com

/S/                                       /S/
A. Michael Espy, Esquire                  Gregorio A. Francis, Esquire
MIKE ESPY, PLLC                           MORGAN & MORGAN, P.A.
317 E. Capitol Street, Suite 101          20 North Orange Av., Suite 1600
Jackson, MS 39201                         Orlando, FL 32801
Tel: 601-355-9101                         Tel: 407-420-1414
Fax: 601-355-6021                         Fax: 407-425-8171
Email: mike@mikespy.com                   Email: gfrancis@forthepeople.com

*Attorneys for Plaintiffs in Case No.1: 08-cv-1188-PLF*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been electronically filed with the Clerk of Court this 22nd day of August, 2008, by using the CM/ECF system which will send notice of electronic filing to all parties of record at the email addresses on file with the Clerk of Court.

                    By:      /S/ Scott Wm. Weinstein
                             Scott Wm. Weinstein
                             Fla. Bar No.: 563080
                             Morgan & Morgan, P.A.
                             P. O. Box 9504
                             Ft. Myers, FL 33906-9504
                             Telephone: (239) 433-6880
                             Facsimile: (239) 433-6836
                             Email: sweinstein@forthepeople.com