**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re BLACK FARMERS DISCRIMINATION LITIGATION | ) ) ) ) ) |
| This document relates to: | ) )       Misc. No. 08-0511 (PLF) ) |
| ALL CASES | ) ) |

## DEFENDANT'S RESPONSE TO THE MORGAN GROUP'S COMMENTS TO PROPOSED CASE MANAGEMENT ORDER NO. 1

Two groups of attorneys are jockeying for position as lead plaintiffs' counsel in these cases. One group filed a proposed case management order, the other commented on it, and the first group then filed a reply strongly objecting to some of the text in their competitor's comments. Defendant takes no position on the dispute except to note that it is interfering with the progress toward a potential settlement of these actions. Nonetheless, one aspect of the comments by the self-described Morgan Group merits a brief response.

Paragraph 12 of the Morgan Group's Comments reads as follows:

> Many of the Morgan Group's clients, especially BFAA, believe that in addition to adjudicating § 14012 claims, the court should review and declare the rights and obligations of the parties (and successful Pigford I claimants who were not late filers) arising from the compliance, *vel non*, of the provisions of Section 11 of the Pigford consent Decree which provided for "Class-Wide Injunctive Relief." This relief is especially suited to Rule 23 treatment. The Morgan Group intends to file either a new complaint for this relief or amend the pending action."

The problem for the Morgan Group is that they cannot assert violations of ¶ 11 of the Pigford Consent Decree, or any other of its provisions, in this case or in a new suit.

Paragraph 17 of the Pigford Consent Decree dismissed with prejudice all the claims of

every class member related to any alleged discrimination in any United States Department of

Agriculture ("USDA") farm credit or non-credit program during the period 1981 through 1996.

Likewise, the alternative dispute resolution provisions contained in the Consent Decree

explicitly provide that, except for a request to the <u>Pigford</u> Consent Decree Monitor for an order

directing the appropriate neutral to re-examine her decision in a particular class member's case,

the decisions of the Adjudicators in Track A claims, and the Arbitrators in Track B claims, are

final and not subject to judicial or administrative review of any kind.  <u>See</u> Pigford Consent

Decree, ¶¶ 9(a)(v), 9(b)(v), and 10(i).

Although the Morgan Group correctly observes that ¶ 11 of the Pigford Consent Decree

provides certain forms of injunctive relief to prevailing class members, the only enforcement

mechanism available to a prevailing class member who believes that the USDA did not provide

her all the injunctive relief to which she was entitled is provided in ¶ 13 of the Consent Decree.

Under ¶ 13, a dissatisfied <u>Pigford</u> class member must first provide USDA with 45 days

confidential written notice of the purported Consent Decree violation and attempt to resolve the

problem during this time period.  Only if the parties are unable to resolve the dispute during this

45-day period may the class member then move under the <u>Pigford</u> docket number – but not in

this case or in any other one – for the injunctive relief she claims to have been wrongfully

denied.  <u>See</u> Pigford Consent Decree, ¶¶ 13(a)-(c).[1]

---

[1] Any suggestion that section 14012 reopened the claims previously resolved under the <u>Pigford</u> Consent Decree is squarely foreclosed by the Supreme Court's decision in <u>Plaut v. Spendthrift Farm, Inc.</u>, 514 U.S. 211 (1995), which held that "the Constitution's separation of legislative and judicial powers denies [Congress] the authority" to enact retroactive legislation that "requires federal courts to reopen final judgments entered before its enactment."  <u>Id.</u> at 240. To the extent that <u>Plaut</u> can be read to suggest that a somewhat different rule may apply in the case of the federal government, <u>id</u>. at 230, nothing in section 14012 waives the <u>res judicata</u> effect

As the foregoing demonstrates, no Pigford class member can assert any violation of ¶ 11

of the Pigford Consent Decree in this action or in any other suit but Pigford itself.  Although this

is a small point, it bears mentioning now so that the parties do not get side-tracked later on an

issue that does not merit their time.

> Respectfully submitted,
>
> GREGORY G. KATSAS
> Assistant Attorney General
>
> JEFFREY A. TAYLOR, D.C. Bar # 498610
> United States Attorney
>
>
> _____
> RUDOLPH CONTRERAS, D.C. Bar # 434122
> Assistant United States Attorney
> DORIS D. COLES-HUFF, D.C. Bar # 461437
> Assistant United States Attorney
> Civil Division, Room E4216
> 555 Fourth Street, N.W.
> Washington, D.C.  20530
> Telephone:  (202) 514-7170
> Email: Doris.Coles@usdoj.gov
>
>
> /s/ Tamra T. Moore_____
> MICHAEL SITCOV, D.C. Bar # 308692
> RACHEL J. HINES, D.C. Bar # 424774
> TAMRA T. MOORE D.C. Bar # 488392
> Federal Programs Branch
> Civil Division
> 20 Massachusetts Avenue N.W., Room 6134
> Washington, DC  20001
> Telephone:  (202) 514-8095
> Email: michael.sitcov@usdoj.gov
> Email: rachel.hines@usdoj.gov
> Email: Tamra.Moore@usdoj.gov

--------------------------------

of claims decided in the government's favor under the Pigford Consent Decree.  Id.

Dated: September 4, 2008                    Attorneys for Defendant

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 4th day of September 2008, I caused a copy of the foregoing

Defendant's Response to the Morgan Group's Comments to Proposed Case Management Order

No. 1 to be filed electronically and that the document is available for viewing and downloading

from the ECF system.


/s/ Tamra T. Moore
Tamra T. Moore