UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
AUG 2 6 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

In re BLACK FARMERS DISCRIMINATION    )
LITIGATION                            )
                                      )
_____)  Misc. No. 08-0511 (PLF)
                                      )
This document relates to:             )
                                      )
ALL CASES                             )
_____)

## MEMORANDUM OPINION AND ORDER REGARDING FAIRNESS HEARING

On May 13, 2011, the Court entered an Order conditionally certifying a plaintiffs' class in this matter and granting preliminary approval of a settlement agreement proposed by the defendant, the United States Department of Agriculture, and a large group of plaintiffs. Before granting final approval of a settlement agreement that would resolve the claims of the members of a certified class, the Court must determine that the terms of the settlement are fair. See FED. R. CIV. P. 23(e); Pigford v. Glickman, 185 F.R.D. 82, 98-99 (D.D.C. 1999). Members of the class have been notified of the conditional class certification in this matter and of the material terms of the proposed settlement agreement. They were also informed that objections to the proposed settlement by any class member would be considered by the Court if filed by August 12, 2011. Class members were invited to present any objections they might have at a fairness hearing to be held on September 1, 2011 at 9:30 a.m. in Courtroom 20, the Ceremonial Courtroom on the sixth floor of the E. Barrett Prettyman United States Courthouse.

*A. Objections and Other Correspondence*

The Court, as well as counsel for the plaintiffs' class and for the defendant, received a large volume of correspondence in response to the circulation of notices announcing

the proposed settlement. A number of individuals who sent letters concerning the case asked to be added to the list of plaintiffs, requested legal advice, or explained why they believed they are entitled to relief under the proposed settlement agreement. These individuals should be aware that the Court cannot grant any of the requests made in those letters. Under the proposed settlement agreement, neutral third parties — not this Court — will determine who is a member of the plaintiffs' class and who is eligible to receive an award. No one can "sign up" for this lawsuit or submit a Track A or Track B claim by writing a letter to the Court, and neither the Court nor its staff may give any legal advice about how to participate in this action. Any questions about the proposed settlement agreement or requests to participate in the claims resolution process should be addressed to class counsel or to another attorney — not to the Court.

The Court has also received hundreds of copies of a document entitled "Pro Se Petition/Objection to Pigford 2." Although each copy of this document is signed by a different individual or set of individuals, it appears that the content of the document was prepared by one person, Ms. Thedford A. Rowser-Bey, an individual who styles herself a "legal researcher" and who has repeatedly attempted to inject herself into this case and its predecessors, Pigford v. Glickman, Civil Action No. 97-1978, and Brewington v. Glickman, Civil Action No. 98-1693. The Court has been informed that a large number of people have paid Ms. Rowser-Bey a fee in exchange for her submission of a copy of her "Pro Se Petition/Objection" on their behalf. The Court is concerned that any money paid to Ms. Rowser-Bey by potential class members in this case may have been wasted because the "Pro Se Petition/Objection" drafted by Ms. Rowser-Bey achieves nothing at all for those individuals. It does not present a coherent objection to the proposed settlement agreement, nor does it serve as a means of "signing up" for this case.

While potential class members are entitled to seek assistance where they please, the Court advises them that Ms. Rowser-Bey is not a lawyer, and she has previously caused widespread confusion among Pigford litigants by "misstat[ing] the legal importance of various Orders and Opinions issued by this Court, and misinterpret[ing] the meaning of words and sentences in those Orders and Opinions." Pigford v. Johanns, 505 F. Supp. 2d 174, 175 (D.D.C. 2007). Based on her submissions in this case and in Pigford v. Glickman, it does not appear that she understands the law or the facts involved in either matter. Her interference with the proceedings in Pigford v. Glickman was so severe and persistent that the Court was forced to bar her from filing documents in the case. See id. It is highly unlikely that she can be of any help to potential claimants in this matter.

### B. Procedure for September 1 Fairness Hearing

In addition to the correspondence discussed above, the Court has received timely written objections to the proposed settlement from the following individuals or groups: Justin and Willa Fouts; Booker T. Woodard; Diahann C. Stevens; Thomas Burrell, President of the Black Farmers and Agriculturalists Association; Larry Morgan, M.C. Moore, Willie Parker, Sr., Vernon Ross, Sr., Blanche Ross, Lewis Walker, Thomas Walker, Inez Washington, Steven Bailey, and O.C. Anthony (all represented by attorney Precious Martin); Errol Von Hart; Eddie Lee Gray; Muhommad Rabbalaa and Henry Burris; Karla K. Adams and Terrie L., Theodore B., Brad E., Kerry F., and Ava L. Bates; Lillie M. Wingard; Robert E. Walker; and M. Murline Price. The Court also will consider the late-filed objections of Ralph Paige, Executive Director of the Federation of Southern Cooperatives Land Assistance Fund, and Dr. Dewayne L. Goldmon, Chairman of the National Black Agricultural Alliance. Finally, the following

individuals have submitted timely requests to speak at the fairness hearing, although those requests were unaccompanied by any written objections: Bernice Atchison; Joyce A. Smith; Doris Gray; William Paramore; and Gloria Davis Gilmore.[1] In light of the foregoing, it is hereby

ORDERED that at the start of the fairness hearing, Class Counsel and government counsel will each make short presentations explaining why their client or clients are moving for final approval of the settlement, after which Class Counsel will explain how the proposed settlement will be implemented if approved; and it is

FURTHER ORDERED that for each person or group listed as having filed a written objection or a request to speak, a representative will be allotted time to present oral objections at the fairness hearing. Precious Martin, on behalf of his clients, and representatives of the Black Farmers and Agriculturalists Association, the Federation of Southern Cooperatives Land Assistance Fund, and the National Black Agricultural Alliance will each be permitted to speak for up to fifteen minutes. All other objectors will be allotted five minutes to speak.

SO ORDERED.

/s/ Paul L. Friedman
PAUL L. FRIEDMAN
United States District Judge

DATE: 8/26/11

---

[1] The Court has also received requests to speak from Gregory K. Chestnut and John Boyd, President of the National Black Farmers Association. The Court has not yet decided whether to grant those requests.