UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

FEB - 6 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

In re BLACK FARMERS DISCRIMINATION    )    Misc. No. 08-0511 (PLF)
LITIGATION                            )
                                      )
                                      )

## ORDER OF REFERENCE: APPOINTMENT OF OMBUDSMAN

On October 27, 2011, the Court entered an Order and Judgment and issued an

Opinion approving a Settlement Agreement that settled this lawsuit brought against the United

States Department of Agriculture ("USDA") for race discrimination. See In re Black Farmers

Discr. Litig., --- F. Supp. 2d ----, 2011 WL 5114830 (D.D.C. Oct. 27, 2011) (Order and

Judgment); In re Black Farmers Discr. Litig., --- F. Supp. 2d ----, 2011 WL 5117058 (D.D.C.

Oct. 27, 2011, as amended Nov. 10, 2011) (Opinion). As part of the Settlement Agreement, the

parties agreed that the Court may appoint an independent Ombudsman. See Settlement

Agreement, In re Black Farmers Discr. Litig., Misc. No. 08-0511 (Feb. 18, 2010, revised and

executed as of May 13, 2011) ("Settlement Agreement") [Dkt. No. 170-2], § VI.

The Ombudsman, if appointed, is to report directly to this Court. The

Ombudsman is not to be removed except for good cause and shall serve for as long as the Court

has continuing jurisdiction to enforce the Settlement Agreement. Settlement Agreement § VI.A.

The Settlement Agreement and the Court's Order and Judgment provide a limited,

clearly defined role for the Ombudsman. According to the Settlement Agreement, the

Ombudsman shall: (1) be available to Class Members and the public through a toll-free telephone

number in order to address concerns about the implementation of the Settlement Agreement;

(2) attempt to address any concerns or questions that any Class Member may have with respect to

the implementation of the Settlement Agreement; (3) make periodic written reports (not less than every six months) to the Court, the Secretary of Agriculture, and Class Counsel on the good faith implementation of the Settlement Agreement; (4) have access to the records maintained by the Claims Administrator and the Neutrals involved in the claim process; and (5) make recommendations to the Court relating to the implementation of the Settlement Agreement. Settlement Agreement § VI.B. The Ombudsman shall not have the power to alter in any way substantive claims decisions made by the Neutrals or the Claims Administrator, nor shall the Ombudsman have the power to direct the Secretary of Agriculture and/or the United States to take any actions pursuant to the Settlement Agreement. Id. § VI.C.

According to the Order and Judgment issued by this Court on October 27, 2011, Class Counsel and the Neutrals shall promptly bring to the attention of, among others, the Ombudsman information that they receive relating to potential scams on claimants and/or misrepresentations being made to claimants relating to the claims process or the relief available to claimants under the Settlement Agreement. In re Black Farmers Discr. Litig., 2011 WL 5114830, at *6, ¶ 25.

The Court has concluded that Stephen Carpenter is the best qualified person to serve as independent Ombudsman in this case. This decision is based upon Mr. Carpenter's background, experience, and knowledge and understanding of the USDA programs involved in this case, as well as Mr. Carpenter's experience in legal education and advocacy in and on behalf of African-American farming communities. It is also based on Mr. Carpenter's experience as Senior Counsel for the Monitor in Pigford v. Vilsack.

2

The Court also has concluded that it is appropriate to appoint Alva Waller as Deputy Ombudsman. Ms. Waller has an extensive background, experience, and knowledge of USDA programs, as well as experience in advocacy. She was Senior Staff and Managing Attorney for Claimant Services for the Office the Monitor in Pigford v. Vilsack.

Wherever this Order of Reference uses the term Ombudsman, it refers to both Mr. Carpenter and Ms. Waller unless otherwise explicitly stated.

The Court understands that the Ombudsman intends to commence operations on or about February 8, 2012. Until then, all calls from Class Members and the public should continue to be directed to the Claims Administrator at 1-877-810-8110. The Claims Administrator will forward all messages previously directed to the Ombudsman once the Ombudsman's operations commence.

The Court further understands that the Ombudsman will need to be reasonably compensated for time, the expenses of the office (including but not limited to reasonable rental costs for private office space), and necessary travel. Pursuant to the Settlement Agreement, the Ombudsman's fees and expenses shall be paid, upon Court approval, out of the "2008 Funds" and from the "Designated Account." See Settlement Agreement §§ II.V, VI.A.

Accordingly, in conformance with the terms of the Settlement Agreement and this Court's October 27, 2011 Order and Judgment and Opinion, and pursuant to the Court's inherent power, it is hereby

ORDERED that Stephen Carpenter is appointed as independent Ombudsman under the Settlement Agreement, effective February 6, 2012, and that Alva Waller is appointed Deputy Ombudsman, effective February 6, 2012, each of whom shall have all of the

3

responsibilities and obligations required under the Settlement Agreement and the October 27, 2011 Order and Judgment of this Court; it is

FURTHER ORDERED that the Ombudsman, as an agent and officer of the Court, shall have the responsibilities, powers, and protections set forth in the Settlement Agreement and this Order of Reference; and it is

FURTHER ORDERED that

1.    In order to effectuate Ombudsman responsibilities regarding the implementation of the Settlement Agreement, the Ombudsman may contact Lead Class Counsel, the Court, the Track A Neutral, the Track B Neutral, the Claims Administrator, and the claimants on an *ex parte* basis.

2.    In addition to the powers and authority granted elsewhere in this Order that are designed to allow the Ombudsman to effectuate responsibilities regarding the implementation of the Settlement Agreement, the Ombudsman shall have all the responsibilities and powers enumerated in the Settlement Agreement.  Specifically, as set forth in Section VI.B of the Settlement Agreement the Ombudsman shall:

(a)    be available to Class Members and the public through a toll-free telephone number in order to address concerns about the implementation of the Settlement Agreement;

(b)    attempt to address any concerns or questions any Class Member may have with respect to the implementation of the Settlement Agreement;

(c)     make periodic written reports (not less than every six months) to the

Court, the Secretary of Agriculture, and Class Counsel on the good faith

implementation of the Settlement Agreement;

(d)     have access to the records maintained by the Claims Administrator and to

the final decisions of the Track A Neutral and the Track B Neutral; and

(e)     make recommendations to the Court relating to the implementation of the

Settlement Agreement.

The Ombudsman shall not have the power to alter in any way substantive claims

decisions made by the Neutrals or the Claims Administrator, nor shall the Ombudsman have the

power to direct the Secretary of Agriculture and/or the United States to take any actions pursuant

to the Settlement Agreement.

3.     Pursuant to the Order and Judgment entered by the Court on October 27,

2011, the Ombudsman shall also receive information from Class Counsel and the Neutrals

relating to potential scams on claimants and/or misrepresentations being made to claimants

relating to the claims process or the relief available to claimants under the Settlement Agreement.

4.     As an agent and officer of the Court, the Ombudsman shall enjoy the same

protections from being compelled to give testimony and from liability for damages as those

enjoyed by other federal judicial adjuncts performing similar functions.

5.     In carrying out duties under Section VI of the Settlement Agreement, the

Ombudsman shall have broad authority to work with claimants through correspondence, by

telephone, and, if necessary, in person.

6.     Contacting the Ombudsman.  In carrying out duties under Section VI of the Settlement Agreement, the Ombudsman will be available to Class Members and to the public through the following toll-free telephone number:  **1-866-686-8682**.  The Ombudsman mailing address is:

> **In re Black Farmers Ombudsman**
> **P.O. Box 19100**
> **Washington, DC  20036**

The Ombudsman will also maintain a website:  **www.inreblackfarmersombudsman.com**.

7.     Ombudsman Staffing.  The Ombudsman shall have the authority to employ and/or contract with all necessary staff within a budget cap and hourly rate approved by the Court.  The staff and contractors of the Ombudsman shall have whatever access to records and documents to which the Ombudsman is entitled that the Ombudsman determines to be necessary to fulfill the staff or contracting role; however, the staff and contractors shall be given access only to non-privileged materials that are not otherwise prohibited from disclosure and that are necessary to enable the Ombudsman to perform the duties set out in the Settlement Agreement and this Order of Reference.

8.     Fees and Expenses.  Ombudsman fees and expenses will be paid as follows.  In general, fees and expenses of the Ombudsman and staff shall be paid out of the "2008 Funds" and from the "Designated Account."  Toll-free line expenses, however, will be incorporated into Claims Administrator costs and be invoiced to Class Counsel by the Claims Administrator.  To the extent that the payment mechanism for the Ombudsman conflicts with the Settlement Agreement, the mechanism found in this Order of Reference takes precedence.

9.      Approval of Budgets.  The Ombudsman shall submit budgets to the Court
for approval.  Each budget shall, among other matters, include proposed hourly rates, travel, and
mailings.  Each budget shall cover a period of three (3) to six (6) months.  Copies of each budget
shall be made available to the USDA and Class Counsel, who will have a period of ten (10)
working days from their receipt of the budget within which they may file with the Court, with
copies to the Ombudsman and the opposing party, written comments on or objections to the
budget.  Any party that does not comment on or object to a budget within these ten (10) working
days shall be deemed to have waived any objection permanently.  At the end of the ten (10) days,
the Court will enter an order approving a total budget amount for the relevant time period.

10.     USDA Payment for Ombudsman Costs.  Pursuant to Section IV.G of the
Settlement Agreement, upon a Court order approving an Ombudsman budget pursuant to
Section 9 of this Order of Reference, and ordering payment of Ombudsman costs, USDA shall,
within twenty (20) days of such order,  provide the U.S. Department of the Treasury with all
necessary forms and documentation to direct a payment to the Designated Account for the fees
and expenses of the Ombudsman in the amount approved for the Ombudsman budget.

11.     Timing of Budget Submissions.  The Ombudsman generally will submit
proposed budgets to the Court one (1) month in advance of the beginning of the budget period.
The first budget period to be submitted to the Court begins on February 6, 2012.  For this first
period, the Ombudsman is directed to submit the budget for the period beginning February 6,
2012 by March 6, 2012.

12.     Invoicing.  The Ombudsman shall submit a statement to the Court approximately monthly for approval of fees and expenses with copies to counsel for both parties. Objections to the statement shall be filed with the Court, with copies to the Ombudsman and to the opposing party, within ten (10) days of the submission of the statement.  Any party that does not object to a fee statement within ten (10) days of its submission shall be deemed to have waived any objection permanently.  At the conclusion of the ten-day period, the Court will enter an order directing payment from the Court Registry of any sums approved.  Any sum approved by the Court shall be paid within fifteen (15) days unless otherwise ordered or agreed upon.

13.     Records.  The Ombudsman shall keep a complete record of all fees and expenses, which shall be made available at the Court's or the parties' request for their inspection.

14.     Payment into Court Registry.  Within fifteen (15) days after a payment of the amount of an approved Ombudsman budget to the Designated Account pursuant to Section 10 of this Order of Reference, Class Counsel shall deposit with the Clerk of Court, United States District Court for the District of Columbia, the full amount of the approved budget.  Deposits made by Class Counsel shall be placed by the Clerk of Court in an interest-bearing account.  Any monies on deposit with the Clerk of Court that are unspent in a given budget period shall be carried over and applied to payment of future fees and expenses of the Ombudsman.  The funds deposited by Class Counsel with the Clerk of Court come from "2008 Funds," as that term is defined in the Settlement Agreement.

8

15.     <u>Refund of Surplus</u>.  At such point as the Court concludes that the
Ombudsman's duties are completed, any surplus funds on deposit with the Clerk's Office will be
transmitted to Class Counsel for deposit in the "Designated Account," as that term is defined in
the Settlement Agreement.

SO ORDERED.


PAUL L. FRIEDMAN
United States District Judge

DATE: 2|6|12