UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                       )
In re BLACK FARMERS DISCRIMINATION     )   Misc. No. 08-0511 (PLF)
LITIGATION                             )
                                       )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion for Reconsideration filed by the Black Farmers and Agriculturalists Association, Inc. ("BFAA") pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See Motion for Reconsideration (Feb. 3, 2012) [Dkt. No. 265] ("Mot."). The BFAA asks the Court to reconsider its Order of January 13, 2012, which denied the BFAA's Rule 59(e) motion to reconsider the Court's October 27, 2011 Order and Judgment approving a settlement in this class action. See In re Black Farmers Discr. Litig., --- F. Supp. 2d ----, 2011 WL 5114830 (D.D.C. Oct. 27, 2011) (Order and Judgment); Motion for Reconsideration as to the Exclusion of BFAA (Nov. 15, 2011) [Dkt. No. 239]; Opinion and Order (Jan. 13, 2012) [Dkt. No. 259]. The Court will deny the BFAA's motion.

An order denying a Rule 59(e) motion qualifies as a "judgment" with respect to which a subsequent Rule 59(e) motion may be filed. See FED. R. CIV. P. 54(a) (defining "judgment" to include "any order from which an appeal lies"); FED. R. APP. P. 4(a)(4)(B)(ii) (indicating that appeal may be taken from an order denying a Rule 59 motion); Derrington-Bey v. District of Columbia Dep't of Corrections, 39 F.3d 1224, 1226 (D.C. Cir. 1994) (applying similar analysis to an order denying a Rule 60(b) motion); see also FED. R. CIV. P. 58(a)(4). The subsequent Rule 59(e) motion, however, does not bring up the merits of the original Judgment, but merely those of the order denying the first Rule 59(e) motion.

The BFAA's first motion for reconsideration asked the Court to amend its October 2011 Order and Judgment to "include" the BFAA, which had been improperly removed as a party to the litigation by its former attorneys prior to Judgment. The Court denied that motion for two reasons. First, the BFAA failed to identify "any harm that it or its members have suffered or will suffer as a result of its termination from the litigation." Opinion and Order (Jan. 13, 2012) [Dkt. No. 259], at 4. Second, the record demonstrated "that the BFAA itself is at least partly to blame for the fact that this issue was not brought to the Court's attention before the entry of Judgment." Id. In light of these findings, the Court concluded that the BFAA had not demonstrated entitlement to relief under Rule 59(e) because "no manifest injustice has occurred requiring the Court to amend its Order and Judgment." Id. at 16.

In its latest motion, the BFAA asserts that it "can articulate cognizable harm that BFAA has and will suffer as a result of the improper removal of BFAA and the damages that the members of the BFAA have suffered and will suffer as a direct result of BFAA's improper removal from the case in April of 2011." Mot. at 1. The BFAA does not describe the harms that it and its members have suffered or will suffer. Rather, the organization "requests additional time to file a Memorandum In Support of its Motion for Reconsideration which motion will provide detailed explanation of the damages suffered by the BFAA and its members as a direct result of BFAA's improper exclusion." Id.

The Court will deny the BFAA's motion, because even if evidence of the type that the BFAA promises were to be provided, such evidence would not constitute a basis for revisiting the Court's denial of the BFAA's first motion for reconsideration. Although the Court explained in its January 2012 Opinion that no evidence of harm resulting from the BFAA's

2

removal had been presented, see Opinion and Order (Jan. 13, 2012) [Dkt. No. 259], at 16-18, the Court continued: "To the extent that the BFAA suffers *any* adverse consequences from its lack of party status at the time of Judgment, these consequences do not amount to a manifest injustice because the BFAA's own conduct contributed to them." Id. at 18 (emphasis in original).  As the Court explained, the BFAA admittedly was aware of its termination from the case weeks before the Court entered Judgment, and with proper diligence it would have been aware months earlier.  The BFAA nevertheless failed to bring this issue to the Court's attention until after Judgment, and the organization offered no explanation for its delay.  See id. at 13-15, 18-19.

Because the Court has already determined that "any" adverse consequences of the BFAA's removal are attributable to the BFAA's own lack of diligence, and that such consequences therefore cannot entitle the BFAA to relief under Rule 59(e), the organization's present request to supply the Court with details of such consequences is futile.  See Piper v. U.S. Dep't of Justice, 312 F. Supp. 2d 17, 23 (D.D.C. 2004) ("'[M]anifest injustice does not exist where, as here, a party could have easily avoided the outcome, but instead elected not to act until after a final order had been entered.'") (quoting Ciralsky v. Central Intelligence Agency, 355 F.3d 661, 671 (D.C. Cir. 2004)).

Accordingly, it is hereby

ORDERED that the BFAA's Motion for Reconsideration [Dkt. No. 265] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  February 10, 2012