# Exhibit A

## Counsel Participation Agreement

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re BLACK FARMERS DISCRIMINATION LITIGATION | ) ) ) ) ) |
|  | Mis. No. 08-mc-0511 (PLF) |
| This document relates to: | ) ) ) |
| ALL CASES | ) ) |

## COUNSEL PARTICIPATION AGREEMENT

WHEREAS, the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, (hereinafter the "Farm Act"), was enacted to provide a remedy to the issue caused by the unexpectedly large number of black farmers who sought relief under the *Pigford v. Glickman* Consent Decree ("Consent Decree") but whose claims were denied as untimely;

WHEREAS, Section 14012 of the Farm Act provides that, "[a]ny *Pigford* claimant who has not previously obtained a determination on the merits of a *Pigford* claim may, in a civil action brought in the United States District Court for the District of Columbia, obtain that determination;"

WHEREAS, over 27,000 individual cases have been filed by represented plaintiffs in the United States District Court for the District of Columbia (the "Court") seeking a determination on the merits of a *Pigford* claim as authorized by Section 14012 of the Farm Act;

WHEREAS, many other individuals have retained counsel to assist them in filing a Section 14012 claim but have not yet filed suit;

WHEREAS, in order to further the administration of the more than 27,000 cases on file and the potentially thousands of more cases that could be filed, the Court has consolidated all actions asserting Section 14012 claims into the above captioned case, In Re Black Farmers Discrimination Litigation, Misc. No. 08-mc-0511 (PLF) (hereinafter, the "Black Farmers Litigation");

WHEREAS, there is currently pending before the Court a Motion for Class Certification whereby class action status is being sought for all of those eligible to receive compensation under Section 14012 of the Farm Act;

WHEREAS, the United States Government and counsel for individuals who have filed or could file Section 14012 claims in the Black Farmers Litigation have entered into settlement negotiations, with such settlement negotiations contemplating that the parties will request the Court to certify a settlement class pursuant to Federal Rule of Civil Procedure 23;

WHEREAS, the undersigned lawyers and law firms acting as counsel for individuals who have filed or could file Section 14012 claims in the Black Farmers Litigation (hereinafter "Plaintiffs' Counsel") believe that entering into a settlement with the Government is in the best interests of their respective clients and in the best interests of any putative class members, whether actual or potential Section 14012 claimants;

WHEREAS, Plaintiffs' Counsel have established attorney-client relationships with many actual and potential Section 14012 claimants through various contingency fee contracts;

WHEREAS, Plaintiffs' Counsel are willing, able, and well suited to represent putative class members with whom they do not have an existing attorney-client relationship should a settlement class be certified pursuant to Federal Rule of Civil Procedure 23;

WHEREAS, Plaintiffs' Counsel believe that combining their collective experience and resources would best serve the interests of their clients and the putative class members of any settlement class;

WHEREAS, Plaintiffs' Counsel recognize the inequity that could result from Section 14012 claimants with contingency-fee contracts having to pay for the services of their counsel while those same counsel provided beneficial and necessary representation to putative Section 14012 claimants with whom those counsel do not have a contractual relationship by virtue of acting as Class Counsel;

WHEREAS, Plaintiffs' Counsel recognize that there are disputes and confusion among some counsel with respect to which lawyers and law firms represent which specific Section 14012 Claimants;

WHEREAS, Plaintiffs' Counsel do not wish to engage in ancillary disputes over contingency fee contracts or entitlement to attorneys' fees whether by way of contingency fee contracts or common benefit work performed;

WHEREAS, Plaintiffs' Counsel believe that by working together as Class Counsel, acting on behalf of all Section 14012 claimants, they can provide better and more effective representation than if working individually and without cooperation; and

WHEREAS, Plaintiffs' Counsel desire to expedite the delivery of any settlement proceeds to deserving Section 14102 claimants while preventing and discouraging the

2

submission of fraudulent claims, especially by those who do not currently have representation.

NOW THEREFORE, undersigned Plaintiffs' Counsel, and each of them, hereby enter into this Participation Agreement, with the goal of maximizing the efficiencies that can be realized by pooling their collective experience and resources, and so as to fairly allocate work to those best equipped whether through relevant experience, size, or otherwise to handle it, and to avoid unnecessary disagreements and misunderstandings as to entitlement to attorneys fees for valuable work performed, and agree as follows:

## I.   AGREEMENT TO ACT AS RULE 23 "CLASS COUNSEL" AND DIVISION OF WORK

A.   Plaintiffs' Counsel agree that each of them, after the execution of a comprehensive settlement agreement with the Government regarding relief to be provided to Section 14102 claimants ("Settlement Agreement"), shall support a motion to certify a settlement class under Federal Rule of Civil Procedure 23 in furtherance of such a Settlement Agreement. Plaintiffs' Counsel further agree that any motion to certify a settlement class shall seek the appointment of each of the undersigned lawyers and law firms to act collectively as "Class Counsel" as that term is defined by Rule 23 and to act in the various capacities detailed in the Settlement Agreement and this Participation Agreement.

B.   The following lawyers and law firms will apply and, upon appointment by the Court, will act in the capacity of "Lead Class Counsel" as that term is defined in the Settlement Agreement and agree to discharge the responsibilities required of that position as detailed in the Settlement Agreement. The responsibilities of Lead Counsel include:

> 1.   General coordination and direction of the activities necessary to effectuate the terms of the Settlement Agreement and of the activities of all other Class Counsel, and in so doing:
>
> > a)   Determining, after consultation with Liaison Counsel and members of Plaintiffs' Steering Committee, and thereafter presenting to the Court or to opposing parties (through briefs, oral argument, letter, or in any other fashion as may appropriate, whether personally or by a designee), the position of the Class on any matters arising during Court proceedings, including any proceedings relating to class certification and the approval and implementation of this Agreement or the entry of Judgment or post-judgment proceedings necessary to defend, effectuate, or enforce the Settlement;
> >
> > b)   Retaining and dismissing appropriate individuals or entities to carry out the tasks and responsibilities outlined in this

Agreement, including hiring, directing and overseeing the work of the Claims Administrator and the Track A and B Neutrals;

c)   Coordinating and directing the efforts of all Class Counsel acting on behalf of Class Members, whether a party to this Participation Agreement or not, so as to (i) assist Class Members with completing Claim Packages, (ii) provide the most accurate and timely information to Class Members, and (iii) ensure that the two groups of law firms described in sections IV.D.i and IV.D.ii are each able to perform the percentage of work each has agreed to perform, as provided in section IV.B;

d)   Directing and overseeing the implementation and dissemination of Notice to Class Members, and controlling or directing all communications with Class Members subject to approval and oversight by the Court if required by Rule 23;

e)   Developing the content of a settlement website and ensuring its proper use and administration;

f)   Planning, developing and conducting any meetings or seminars designed to provide notice or assistance to Class Members regarding the Settlement;

g)   Administering the Common Benefit Fund, as that term is defined in the Settlement Agreement;

h)   Conducting additional or supplemental settlement negotiations on behalf of the Class (but only in consultation with Liaison Counsel and the Plaintiffs' Steering Committee), if necessary;

i)   Delegating specific tasks to other Class Counsel or committees of counsel in a manner to ensure the Settlement terms are effectuated and adequate notice and assistance with the submission of claims are provided to Class Members;

j)   Entering into stipulations with opposing counsel as necessary for the conduct of the Settlement or any additional proceedings as may be necessary to effectuate this Settlement and its approval and implementation under Rule 23;

k)   Preparing and distributing periodic status reports and any accountings required by this Agreement to the Court, to Class Members, or to the Secretary and/or his counsel, as appropriate;

l)   Maintaining adequate time and disbursement records covering services as Lead Class Counsel and developing and enforcing time reporting requirements for all other Class Counsel acting on behalf of the Class and Class Members;

m)   Monitoring and redirecting the activities of Class Counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

n)   Developing procedures and methods to provide Class Members with answers to frequently asked questions, to assist with the claims process and the distribution of Settlement Proceeds, and to wind up of the administration of the Settlement when appropriate, and;

o)   Performing other such duties as may be incidental to proper coordination of the Settlement or Plaintiffs' pretrial activities or as authorized by order of the Court.

2.    The lawyers and their firms that will apply to be "Lead Class Counsel" are:

Andrew H. Marks, Esq.
Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(T): (202) 624-2500
(F): (202) 628-5116

Henry Sanders, Esq.
Chestnut, Sanders, Sanders, Pettaway & Campbell, LLC
One Union Street
Selma, AL 36701
(T): 334-875-9264
(F): 334-875-0416

Gregorio Francis, Esq.
Morgan & Morgan, P.A.

20 North Orange Avenue, Suite 1600
Orlando, Florida 32801
Tel: (877) 667-4265
Fax: (407) 425-8171

C.    The following lawyers and their law firms agree to act in the capacity of "Liaison Counsel" as that term is defined in the Settlement Agreement and agree to discharge the responsibilities required of that position as detailed in the Settlement Agreement. These responsibilities include:

1.    Assisting Lead Class Counsel in their performance of the duties described above, and in so doing:

a)    Coordinate all communications between various counsel acting on behalf of the Class, including Lead Class Counsel and members of the Plaintiffs' Steering Committee;

b)    Assist in planning and conducting any meetings between counsel acting on behalf of the Class;

c)    Assist in the oversight and direction of the efforts of any individuals or entities retained by Class Counsel to perform various functions or tasks required by this Settlement such as the Claims Administrator and Track A and B Neutrals;

d)    Oversee the creation and maintenance of a database regarding the claims administration process, including the number of claims filed, the identity of claimants, the status and ultimate disposition of each claim, the amounts awarded to each class member, and the status of payments to be made to successful Class Members;

e)    Assist Lead Class Counsel in developing and enforcing time reporting requirements for all other Class Counsel acting on behalf of the Class and maintain a database of all reported time and expenses by Class Counsel acting on behalf of the Class;

f)    Assist Class Counsel in complying with any accounting requirements imposed by this Settlement Agreement;

g)    Assist in planning and conducting any meetings or seminars designed to provide notice or assistance to Class Members regarding the Settlement; and

h)    Perform other such duties as may be incidental to proper coordination of the Settlement or Plaintiffs' pretrial activities as

authorized by Lead Class Counsel or order of the Court.

2.    The lawyers and their firms designated to act as "Liaison Counsel" are:

> Laurel Pyke Malson, Esq.
> Crowell & Moring LLP
> 1001 Pennsylvania Avenue, N.W.
> Washington, D.C. 20004
> (T): (202) 624-2500
> (F): (202) 628-5116
>
> Harris L. Pogust, Esq.
> Pogust Braslow & Millrood
> 161 Washington Street, Suite 1520
> Conshohocken, PA 19428
> (T): (610) 941-4204
> (F): (610) 941-4245

D.    The following lawyers and their law firms each agree to act as members of the "Plaintiffs' Steering Committee" as that term is defined in the Settlement Agreement and to discharge the responsibilities required of that position as detailed in the Settlement Agreement. These responsibilities include:

> 1.    Assisting Lead Class Counsel and Liaison Counsel in the performance of the duties described above, and in so doing performing such tasks as directed by Lead Class Counsel or Liaison Counsel, such as:
>
> > a)    Assisting Lead Class Counsel in performing any duties Lead Counsel delegates to members of the Plaintiffs' Steering Committee either individually or as a part of a subcommittee;
> >
> > b)    Overseeing the allocation of work among Class Counsel on behalf of individual Class Members, including determining which Class Counsel will assist Track A Claimants and which will assist Track B Claimants;
> >
> > c)    Overseeing the quality of work performed, and its fair and equitable allocation among Class Counsel, whether a party to this Agreement or not, to advance the commons interests of the Class;
> >
> > d)    Overseeing the provision of notice to Class Members through meetings, seminars, or individual face to face meetings;
> >
> > e)    Developing, implementing and overseeing procedures for answering Class Member questions whether in person, on the phone, or through other means;

7

f)      Developing, implementing and overseeing procedures for assisting Class Members with gathering information and evidence necessary to support a claim;

g)      Developing, implementing and overseeing procedures for assisting Class Members with completing and submitting Claims Packages;

h)      Developing, implementing and overseeing procedures for providing information to Class Members regarding the status of claims processing or the distribution of settlement proceeds; and,

i)      Performing other such duties as may be incidental to proper coordination of the Settlement or Plaintiffs' pretrial activities as authorized by Lead Class Counsel, Liaison Counsel, or order of the Court.

2.      The lawyers and their firms designated to be members of the Plaintiffs' Steering Committee are:

> Rose Sanders, Esq.
> Chestnut, Sanders, Sanders, Pettaway & Campbell, LLC
> One Union Street
> Selma, AL 36701
> (T): 334-875-9264
> (F): 334-875-0416
>
> David Joseph Frantz, Esq.
> Conlon, Frantz & Phelan, LLP
> 1818 N Street, N.W., Suite 400
> Washington, DC 20036
> (T) 202-331-7050
> (F) 202-331-9306
>
> Phil Fraas, Esq.
> Stinson Morrison Hecker LLP
> 1150 18th Street NW #800
> Washington, DC 20036-3816
> (T) 202-572-9904
> (F) 202-572-9982
>
> James Scott Farrin, Esq.
> Law Offices of James Scott Farrin
> 280 S. Mangum St. Suite 400
> Durham, NC 27701

(T) 919-688-4991
(F) 919-688-4468

Joseph P. Strom, Jr., Esq.
Strom Law Firm LLC
2110 N. Beltline Boulevard
Columbia, SC 29204
(T) 803-252-4800
(F) 803-252-4801

Othello C. Cross, Esq.
Cross & Kearney, PLLC
1022 W. 6th Avenue
Pine Bluff, AR 71601
(T) 870-536-4056
(F) 870-536-0216

Scott William Weinstein, Esq.
Morgan & Morgan, P.A.
12800 University Drive, Suite 600
Fort Myers, FL 33907
(T) 239-433-6880
(F) 239-433-6836

E.    Upon application to and approval of the Court, the following additional lawyers and their firms each agree to act as "Class Counsel" as that term is defined in the Settlement Agreement and agree to discharge the responsibilities required of that position as detailed in the Settlement Agreement. These responsibilities include:

1.    Assisting Lead Class Counsel, Liaison Counsel and the Plaintiffs' Steering Committee with the performance of their duties described above and performing such tasks as directed by Lead Class Counsel, Liaison Counsel, or members of the Plaintiffs' Steering Committee, such as:

a)    Providing notice to Class Members though meetings, seminars, or individual face to face meetings;

b)    Answering Class Member questions in person, on the phone, or through other means;

c)    Assisting Class Members with the gathering of information and evidence necessary to support a claim;

d)    Assisting Class Members with completing and submitting Claims Packages;

9

e)    Providing information to Class Members regarding the status of claims processing or the distribution of settlement proceeds; and,

f)    Performing other such duties as may be incidental to proper coordination of the Settlement or Plaintiffs' pretrial activities as authorized by Lead Class Counsel, Liaison Counsel, or order of the Court.

2.    In addition to the lawyers and their firms listed above, the following lawyers and their firms are designated to be Class Counsel:

Donald McEachin, Esq.
McEachin & Gee LLP
4719 Nine Mile Road
Richmond, VA 23223
(T) 804-226-4111
(F) 804-226-8888

Jimmy Spurlock Calton, Jr., Esq.
Law Offices of Calton & Calton
226 East Broad Street
Eufaula, AL 36027
(T) 334-687-3563
(F) 334-687-3564

William Lewis Garrison, Esq.
Henninger, Garrison & Davis LLC
PO Box 11310
2224 1st Avenue North
Birmingham, AL 35202
(T) 205-326-3336
(F) 205-326-3332

A. Michael Espy, Esq.
Mike Espy, PLLC
317 E. Capitol Street, #101
Jackson, MS 39201
(T) 601-355-9101
(F) 601-355-6021

Gary Edward Mason, Esq.
The Mason Law Firm LLP
1225 19th Street NW, #500
Washington, DC 20036

(T) 202-429-2290
(F) 202-429-2294

J. Andrew Meyer, Esq.
Morgan & Morgan
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(T) 813-223-0955
(F) 813-223-5402

Anurag Varma, Esq.
Patton Boggs, PLLC
2550 M Street, NW
Washington, DC 20037
(T) 202-457-6490
(F) 202-457-6315

Charles Edwards, Esq.
The Law Offices of Marc Boutwell, PLLC
P.O. Box 956
Lexington, MS 39095
(T) 662-834-9029
(F) 662-834-3117

Stephen Gowan, Esq.
Gowan Law Office, PLLC
P.O. Box 38
McAdams, MS 39107
(T) & (F) 662-290-0042

Don O. Gleason, Jr., Esq.
Gleason & McHenry
P.O. Box 7316
Tupelo, MS 38802
(T) 662-690-9842
(F) 662-690-9826

Walter B. Calton
Attorney At Law
312 East Broad Street
Eufaula, Alabama 36027
(T) 334-687-2407
(F) 334-687-2466

Michael Rutland
Rutland & Jankiewicz

128 N. Orange Ave.
Eufala, Alabama 36027
(T) 334-687-9899

F.     Upon Plaintiffs' Counsel's appointment as "Class Counsel," as that term is defined in Rule 23, and to the various capacities set forth above, each agree that each will assume the roles and responsibilities assigned to them and shall fully represent all putative Section 14012 class members. Each of the undersigned lawyers and law firms agree that they shall faithfully discharge the responsibilities assigned to them by the Settlement Agreement and this Participation Agreement and at all times shall act in the best interests of their clients and the putative class members.

G.     Notwithstanding any fee contract each of the undersigned lawyers or law firms may have with any individual claimant, each of the undersigned agree to represent the interests of all putative class members and agree to be bound by and honor the obligations and responsibilities of Class Counsel as defined by Federal Rule of Civil Procedure 23 and case law interpreting that Rule.

H.     Lead Class Counsel shall be responsible for overseeing the efforts of each Plaintiffs' Counsel, and should Lead Class Counsel determine that any Plaintiffs' Counsel has engaged in malfeasance or continuing misfeasance, Lead Class Counsel shall petition the Court to remove such Plaintiffs' Counsel as "Class Counsel." If the Court removes such Plaintiffs' Counsel from its role as "Class Counsel," that Plaintiffs' Counsel shall forfeit any and all rights to costs reimbursements and attorneys' fees under this Participation Agreement.

## II.    AGREEMENT TO SEEK COMMON BENEFIT FEES

A.     Each and every Plaintiffs' Counsel with an individual contingency fee contract with a putative Section 14102 class member agrees to forego any attorneys' fee recovery payable under such a contingency fee contract and instead agrees that any and all attorneys' fees payable to any Plaintiffs' Counsel shall be only as awarded by the Court and as governed by the Settlement Agreement and this Participation Agreement.

B.     Each and every Plaintiffs' Counsel agrees that Lead Class Counsel shall prepare and file with the Court a motion for attorneys' fees and costs as contemplated by Federal Rule of Civil Procedure 23(h) and the Settlement Agreement. Each and every Plaintiffs' Counsel agree that any motion for attorneys' fees and costs shall be made on behalf of all Plaintiffs' Counsel and shall seek an award of fees and costs for the work that has been performed and will be performed by all Plaintiffs' Counsel on behalf of their individual clients, all putative Section 14102 Class Members (both Track A and Track B), and the Class. Plaintiffs' Counsel agree to provide to Lead Class Counsel any and all information necessary to support any motion for attorneys' fees and costs. In addition to a motion for fees and costs under Federal Rule of Civil Procedure 23(h), Lead Class Counsel (a) shall be responsible for determining the allocation of interim payments under the Settlement Agreement, and consistent with the terms of the Settlement

12

Agreement, for interim implementation costs and interim attorneys' fees and (b) may, to the extent not inconsistent with any Court rulings or the Settlement Agreement, file (1) motions seeking the payment of additional or other interim attorneys' fees and costs or (2) motions seeking other supplemental or additional awards or payments of attorneys' fees and costs.

      C.     Plaintiffs' Counsel agree to keep contemporaneous time records concerning any work they perform on behalf of the Class and agree to provide copies of such time records to Liaison Counsel from time to time as required by Lead Class Counsel.

      D.     Any attorney's fee award for work performed or to be performed on behalf of Plaintiffs' Counsel's individual clients, any putative Section 14102 Class Members (both Track A and Track B), and/or the Class shall be deposited in the Common Benefit Fund, as that term is defined in the Settlement Agreement. The amounts deposited in the Common Benefit Fund for attorneys' fees shall be distributed by Lead Class Counsel only in accordance with (a) any orders of the Court, (b) the provisions of the Settlement Agreement, and (c) the terms of this Participation Agreement which are not inconsistent with any such Court orders.

## III.    ADVANCEMENT AND REIMBURSEMENT OF COSTS

      A.     Each and every Plaintiffs' Counsel with an individual contingency fee contract with a putative Section 14102 Class Member agrees to forego seeking any cost reimbursement under such a contingency fee contract and instead agrees that any and all costs expended or advanced by Plaintiffs' Counsel shall be reimbursed only pursuant to the Settlement Agreement and this Participation Agreement.

      B.     Lead Class Counsel shall be responsible for maintaining and distributing any funds provided by the Settlement Agreement for the purpose of reimbursing Plaintiffs' Counsel for costs associated with preparing and/or submitting claims on behalf of individual Claimants or incurred in providing services that benefit generally the Class and its Members but do not otherwise qualify as Implementation Costs (hereinafter "Claims Administration Costs").

      C.     During the administration of the Settlement, Plaintiffs' Counsel may request Lead Class Counsel to pre-authorize the advancement of Claims Administration Costs. Lead Class Counsel shall determine whether such costs are indeed proper and necessary Claims Administration Costs and whether to pre-authorize such costs. Plaintiffs' Counsel understand and agree that such pre-authorization is not a guarantee that such costs will be reimbursed.

      D.     Plaintiffs' Counsel may also submit itemized receipts to Lead Class Counsel regarding any Claims Administration Costs advanced by Plaintiffs' Counsel. Lead Class Counsel shall periodically review such itemized receipts and determine whether such items are proper and necessary Claims Administration Costs. Lead Counsel

shall periodically notify Plaintiffs' Counsel of their determination with respect to the reimbursement for such items.

E.    Plaintiffs' Counsel understand and agree that Lead Class Counsel shall have complete discretion to determine whether any particular cost expenditure is a proper and necessary Claims Administration Cost. Plaintiffs' Counsel understand and agree that there is no right of appeal nor any other remedy should Lead Class Counsel determine that a particular cost is not a proper and necessary Claims Administration Cost.

F.    Each and every Plaintiffs' Counsel agrees to waive any and all rights it may have to seek reimbursement for cost expenditures other than to seek reimbursement from the Common Benefit Fund through Lead Class Counsel, as provided by this Participation Agreement. Each and every Plaintiffs' Counsel agrees to be solely responsible for the payment of any costs incurred by it and agrees to hold every other Plaintiffs' Counsel harmless for the payment of such costs. Each and every Plaintiffs' Counsel agrees that if Lead Class Counsel decline to approve the reimbursement of any cost then that cost shall be the sole responsibility of the Plaintiffs' Counsel incurring the cost.

G.    Each and every Plaintiffs' Counsel agrees that any motion for attorneys' fees and costs prepared by Lead Class Counsel, as provided in Section II.B. above, may include a request that the Court allow reimbursement of Claims Administration Costs authorized or approved by Lead Class Counsel. Plaintiffs' Counsel agree to provide to Lead Class Counsel any and all information necessary to support a request for costs reimbursement.

H.    Any amounts awarded by the Court for the reimbursement of costs shall be deposited into the Common Benefit Fund, as that term is defined in the Settlement Agreement. The amounts deposited in the Common Benefit Fund shall be distributed by Lead Class Counsel only in accordance with any orders of the Court and with the provisions of the Settlement Agreement and this Participation Agreement which are not inconsistent with any such Court orders.

I.    Lead Class Counsel shall pay all approved Claims Administration Cost reimbursement amounts from the Common Benefit Fund prior to calculating and paying any Attorneys' Fees.

## IV.    DIVISION OF FEES

A.    Plaintiffs' Counsel agree that any attorneys' fees awarded to or earned by Class Counsel, whether for Track A claims or Track B claims, shall be divided among him or her based upon the provisions of the Participation Agreement. Plaintiffs' Counsel each agree that any request for attorneys' fees made to the Court shall be governed by and shall be consistent with this Participation Agreement. Plaintiffs' Counsel agree that any motion or petition for attorneys' fees to the Court shall be contained in a request to

be presented by Lead Class Counsel, and that none of Plaintiffs' Counsel will separately petition the Court for an award of fees.

B.      The guiding principle of the division of attorney's fees set forth in this Participation Agreement shall be that the share of each lawyer's or law firm's portion of the overall attorneys' fee award shall be proportionate to the amount of work performed by that lawyer or law firm on behalf of the putative Class Members pursuant to the terms of the Settlement Agreement and this Participation Agreement. To implement that principle, the group of law firms listed in clause (i) of subsection D, under the direction of Lead Class Counsel and with the assistance of the Plaintiffs' Steering Committee, shall undertake to perform Seventy-five Percent (75%) of all work performed on behalf of the putative Class Members pursuant to the terms of the Settlement Agreement and this Participation Agreement, and the group of law firms listed in clause ii of subsection D, under the direction of Lead Counsel and with the assistance of the Plaintiffs' Steering Committee, shall undertake to perform Twenty-five Percent (25%) of all such work. Lead Class Counsel and the Plaintiffs' Steering Committee shall ensure that each such group has full opportunity to perform the share of the work specified for it in the previous sentence. Plaintiffs' Counsel each agree that no lawyer or law firm shall be entitled to a greater proportion of the overall attorneys' fee award than set forth in the below Schedule of Fee Distribution under subsection D unless otherwise specifically provided by this Participation Agreement in Section VI. Lead Class Counsel shall also be responsible for determining what compensation, if any, Class Counsel who are not parties to this Participation Agreement will be entitled to pursuant to Rule 23 of the Federal Rules of Civil Procedure.

C.      Plaintiffs' Counsel agree that only work performed to date on behalf of the Class and work to be performed in the future pursuant to the Settlement Agreement and this Participation Agreement shall be considered as work performed on behalf of the putative Class Members and the Class and thus compensable under this Participation Agreement. Similarly, Plaintiffs' Counsel agree that future work performed but not authorized by Lead Class Counsel shall not be considered as work performed on behalf of the putative Class Members and the Class and thus shall not be compensable under this Participation Agreement.

D.      The division of fees among Plaintiffs' Counsel shall be as set forth in the following Schedule of Fee Distribution:

        i.      Subject to Clause D. iii below, the following law firms will be entitled to Seventy-five Percent (75%) of all fees distributed: [1]

                Crowell & Moring LLP
                1001 Pennsylvania Avenue, N.W.
                Washington, D.C. 20004

                Chestnut, Sanders, Sanders, Pettaway & Campbell, LLC

---

[1] The division of the 75% will be set forth in a separate document which will be made a part hereof.

One Union Street
Selma, AL 36701

Pogust Braslow & Millrood
161 Washington Street, Suite 1520
Conshohocken, PA 19428

Phillip L. Fraas and
Stinson Morrison Hecker LLP
1150 18th Street NW #800
Washington, DC 20036-3816

Conlon, Frantz & Phelan, LLP
1818 N Street, N.W., Suite 400
Washington, DC 20036

Law Offices of James Scott Farrin
280 S. Mangum St. Suite 400
Durham, NC 27701

McEachin & Gee LLP
4719 Nine Mile Road
Richmond, VA 23223
Law Offices of Calton & Calton
226 East Broad Street
Eufaula, AL 36027

Henninger, Garrison & Davis LLC
PO Box 11310
2224 1st Avenue North
Birmingham, AL 35202

Jimmy Spurlock Calton, Jr., Esq.
Law Offices of Calton & Calton
226 East Broad Street
Eufaula, AL 36027

Walter B. Calton
Attorney At Law
312 East Broad Street
Eufaula, Alabama 36027

Rutland & Jankiewicz
128 N. Orange Ave.
Eufala, Alabama 36027

ii.    Subject to Clause D, iii, below, the following law firms
will be entitled to Twenty-five Percent (25%) of all fees
distributed:[2]

Morgan & Morgan, P.A.
12800 University Drive, Suite 600
Fort Myers, FL 33907

Mike Espy, PLLC
317 E. Capitol Street, #101
Jackson, MS 39201

The Mason Law Firm LLP
1225 19th Street NW, #500
Washington, DC 20036

Cross & Kearney, PLLC
1022 W. 6th Avenue
Pine Bluff, AR 71601

Patton Boggs, PLLC
2550 M Street, NW
Washington, DC 20037

The Law Offices of Marc Boutwell, PLLC
P.O. Box 956
Lexington, MS 39095

Gowan Law Office, PLLC
P.O. Box 38
McAdams, MS 39107

Gleason & McHenry
P.O. Box 7316
Tupelo, MS 38802

Strom Law Firm LLC
2110 N. Beltline Boulevard
Columbia, SC 29204

iii.  If during the course of the administration of the Settlement
Agreement, Lead Class Counsel determines that any Plaintiffs' Counsel is not performing
work which they agreed to do to administer these claims, Lead Class Counsel shall notify

---

[2] The division of the 25% will be set forth in a separate document which will be made a part hereof.

17

such counsel and allow counsel an opportunity to perform work in accordance with the percentages set forth above. If after thirty (30) days of receiving such notice any Plaintiffs' Counsel does not perform the work as agreed, the percentages set out in clauses i and ii above for the two groups of law firms can be adjusted by agreement of all three Lead Class Counsel to reflect actual percentages of total work performed by each such group.

## V.    DISCLOSURE TO COURT AND ABSENT CLASS MEMBERS

A.    Plaintiffs' Counsel understand and agree that the contents of this Participation Agreement shall be fully disclosed to the Court and be made available to all putative Section 14012 class members.

B.    Plaintiffs' Counsel agree that the specific method of disclosure of this Participation Agreement to the Court and putative Section 14012 class members will be determined by Lead Class Counsel and the Court.

## VI.    POST-HOC ADJUSTMENT OF FEE DISTRIBUTION AND DISPUTE RESOLUTION

A.    Plaintiffs' Counsel each agree that should any disagreement arise regarding the amount of attorneys' fees to be paid to a specific Plaintiffs' Counsel or regarding the allocation of attorneys' fees among them, such disagreement shall be governed and resolved solely by the provisions of this Participation Agreement.

B.    If any Plaintiffs' Counsel has been relieved of its responsibility as Class Counsel by the Court due to malfeasance or misfeasance, the portion of attorneys' fees payable to that Plaintiffs' Counsel shall be forfeited and the amounts that would have been paid to that Plaintiffs' Counsel shall remain as a part of the Common Benefit Fund to be distributed to all other remaining Plaintiffs' Counsel in accordance with the percentages set forth in this Agreement.

C.    Any dispute concerning any aspect of this Participation Agreement regarding the amount of attorneys' fees to be paid to a specific Plaintiffs' Counsel or regarding the allocation of attorneys' fees among them shall be resolved by private, binding arbitration. Any such dispute shall be submitted to a panel of three (3) arbitrators. The Party disputing the amount of attorneys' fees paid to it or the allocation of fees among Plaintiffs' Counsel shall nominate one (1) arbitrator (if more than one Party is disputing fees paid to it or the fee allocation, then all such parties shall agree to nominate this one (1) arbitrator). Lead Class Counsel shall nominate one (1) arbitrator, and the two arbitrators so nominated shall select the third arbitrator. The Arbitrators shall first convene in Washington D.C., or at such other site as the Panel may prescribe, at a time of their choosing and shall at their first convening set the rules of procedure for the conduct of the arbitration, including the choice of law which will govern disputes between the parties. All decisions by the arbitrators shall be final and binding and their final decision shall be enrollable and enforceable as a judgment. The parties shall bear

the cost of such arbitration equally. In the event that the parties are unable for any reason to proceed as set forth herein, or this arbitration provision cannot be performed according to its terms, then the parties agree that such dispute shall be submitted to the American Arbitration Association for arbitration under its commercial rules. Such decision by the arbitrators shall be final and binding and shall be enrollable and enforceable as a judgment.

## VII.    INTEGRATION

This Participation Agreement and the two separate documents referenced in footnotes 1 and 2 above constitute the entire agreement of the Parties, and no prior statement, representation, agreement, or understanding, oral or written, that is not contained herein, will have any force or effect.

## VIII.    MODIFICATION

This Participation Agreement may be modified only with the written agreement of all the Parties hereto.

## IX.    DUTIES CONSISTENT WITH LAW AND APPLICABLE BAR REGULATIONS

Each Plaintiffs' Counsel understands and agrees that it is solely responsible for complying with any and all State Bar rules or regulations that may apply to it by virtue of it being a party to this Participation Agreement. Each Plaintiffs' Counsel represents and warrants to the others that it shall comply with any such State Bar rules or regulations. In the event that any provision of this Participation Agreement shall be determined not in compliance with any applicable ethical or State Bar rule, regulation or code provision, it is the intent of the parties that such provision be reformed to give life to the intent of the parties, and to assure compliance with such code, rule or regulation. To the extent that any provision may not be reformed, it is the intent of the parties that the remainder of this Agreement shall be enforceable according to its terms.

## X.    SEVERABILITY

Should any provision of this Participation Agreement be found by a court to be invalid or unenforceable, in whole or in part, then (1) the validity of other provisions of this Agreement shall not be affected or impaired, and (2) such provisions shall be enforced to the maximum extent possible.

## XI.    NON-ASSIGNABLE

Neither this Participation Agreement nor any obligation or right under this Participation Agreement, including but not limited to the obligation of performance by any Party of any provision of this Participation Agreement or any rights to fees or costs

19

reimbursements set out herein, may be delegated nor assigned without the written agreement of all Parties.

## XII.    HEADINGS

The headings in this Agreement are for the convenience of the Parties only and shall not limit, expand, modify, or aid in the interpretation or construction of this Agreement.

## XIII.    COUNTERPARTS

This Agreement may be executed in counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.

## XIV.    AGREEMENT VOIDABLE

If for any reason Plaintiffs' Counsel and the United States Government are unable to enter into a Settlement Agreement or if the Court fails to approve a motion to certify a settlement class under Federal Rule of Civil Procedure 23, then this Participation Agreement shall be voidable by any Party thereto.

## XV.    EFFECTIVE DATE

This Participation Agreement shall be effective as of the date the last of the Parties executes it.


_____           _____
Crowell & Moring LLP                      Pogust Braslow & Millrood
1001 Pennsylvania Avenue, N.W.            161 Washington Street, Suite 1520
Washington, D.C.  20004                   Conshohocken, PA 19428
Date:_____              Date:_____


_____           _____
Chestnut, Sanders, Sanders, Pettaway &    Stinson Morrison Hecker LLP
Campbell, LLC                             1150 18th Street NW #800
One Union Street                          Washington, DC 20036-3816
Selma, AL 36701                           Date:_____
Date:_____

Neither this Participation Agreement nor any obligation or right under this Participation Agreement, including but not limited to the obligation of performance by any party of any provision of this Participation Agreement or any rights to fees or costs reimbursements set out herein, may be delegated nor assigned without the written agreement of all parties.

## XII.   HEADINGS

The headings in this Agreement are for the convenience of the Parties only and shall not limit, expand, modify, or aid in the interpretation or construction of this Agreement.

## XIII.   COUNTERPARTS

This Agreement may be executed in counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

## XIV.   AGREEMENT VOIDABLE

If for any reason Plaintiffs' Counsel and the United States Government are unable to enter into a Settlement Agreement or if the Court fails to approve a motion to certify a settlement class under Federal Rule of Civil Procedure 23, then this Participation Agreement shall be voidable by any Party thereto.

## XV.   EFFECTIVE DATE

This Participation Agreement shall be effective as of the date the last of the Parties executes it.


---

Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Date:_____

---

Pogust Braslow & Millrood
161 Washington Street, Suite 1520
Conshohocken, PA 19428
Date:_____


---

Chestnut, Sanders, Sanders, Pettaway &
Campbell, LLC
One Union Street
Selma, AL 36701
Date:_____

---

Stinson Morrison Hecker LLP
1150 18th Street NW #800
Washington, DC 20036-3816
Date:_____

19

reimbursements set out herein, may be delegated nor assigned without the written agreement of all Parties.

## XII.  HEADINGS

The headings in this Agreement are for the convenience of the Parties only and shall not limit, expand, modify, or aid in the interpretation or construction of this Agreement.

## XIII.  COUNTERPARTS

This Agreement may be executed in counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

## XIV.  AGREEMENT VOIDABLE

If for any reason Plaintiffs' Counsel and the United States Government are unable to enter into a Settlement Agreement or if the Court fails to approve a motion to certify a settlement class under Federal Rule of Civil Procedure 23, then this Participation Agreement shall be voidable by any Party thereto.

## XV.  EFFECTIVE DATE

This Participation Agreement shall be effective as of the date the last of the Parties executes it.


Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Date:_____

Pogust Braslow & Millrood
161 Washington Street, Suite 1520
Conshohocken, PA 19428
Date:_____


Chestnut, Sanders, Sanders, Pettaway &
Campbell, LLC
One Union Street
Selma, AL 36701
Date:  3 – 5 – 10

Stinson Morrison Hecker LLP
1150 18th Street NW #800
Washington, DC 20036-3816
Date:  2 –19 –10

_[signature]_
Conlon, Frantz & Phelan, LLP
1818 N Street, N.W., Suite 400
Washington, DC 20036
Date: _January 22, 2010_

Walter B. Calton
Attorney At Law
312 East Broad Street
Eufaula, Alabama 36027
Date:_____

Law Offices of James Scott Farrin
280 S. Mangum St. Suite 400
Durham, NC 27701
Date:_____

Rutland & Jankiewicz
128 N. Orange Ave.
Eufala, Alabama 36027
Date:_____

McEachin & Gee LLP
4719 Nine Mile Road
Richmond, VA 23223
Date:_____

Morgan & Morgan, P.A.
12800 University Drive, Suite 600
Fort Myers, FL 33907
Date:_____

Law Offices of Calton & Calton
226 East Broad Street
Eufaula, AL 36027
Date:_____

Mike Espy, PLLC
317 E. Capitol Street, #101
Jackson, MS 39201
Date:_____

Henninger, Garrison & Davis LLC
PO Box 11310
2224 1st Avenue North
Birmingham, AL 35202
Date:_____

The Mason Law Firm LLP
1225 19th Street NW, #500
Washington, DC 20036
Date:_____

21

From:                                          02/17/2010 11:17     #312 P.003/003

Conlon, Frantz & Phelan, LLP
1818 N Street, N.W., Suite 400
Washington, DC 20036
Date:_____

*Walter B. Calton*
Walter B. Calton
Attorney At Law
312 East Broad Street
Eufaula, Alabama 36027
Date:_____ 2-17-10

Law Offices of James Scott Farrin
280 S. Mangum St. Suite 400
Durham, NC 27701
Date:_____

Rutland & Jankiewicz
128 N. Orange Ave.
Eufala, Alabama 36027
Date:_____

McEachin & Gee LLP
4719 Nine Mile Road
Richmond, VA 23223
Date:_____

Morgan & Morgan, P.A.
12800 University Drive, Suite 600
Fort Myers, FL 33907
Date:_____

Law Offices of Calton & Calton
226 East Broad Street
Eufaula, AL 36027
Date:_____

Mike Espy, PLLC
317 E. Capitol Street, #101
Jackson, MS 39201
Date:_____

Henninger, Garrison & Davis LLC
PO Box 11310
2224 1st Avenue North
Birmingham, AL 35202
Date:_____

The Mason Law Firm LLP
1225 19th Street NW, #500
Washington, DC 20036
Date:_____

21

Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Date:

_James Scott F___
Law Offices of James Scott Farrin
280 S. Mangum St. Suite 400
Durham, NC 27701
Date:  2/16/10

Chestnut, Sanders, Sanders, Pettaway &
Campbell, LLC
One Union Street
Selma, AL 36701
Date:

McEachin & Gee LLP
4719 Nine Mile Road
Richmond, VA 23223
Date:

Pogust Braslow & Millrood
161 Washington Street, Suite 1520
Conshohocken, PA 19428
Date:

Law Offices of Calton & Calton
226 East Broad Street
Eufaula, AL 36027

Stinson Morrison Hecker LLP
1150 18th Street NW #800
Washington, DC 20036-3816
Date:

Henninger, Garrison & Davis LLC
PO Box 11310
2224 1st Avenue North
Birmingham, AL 35202
Date:

Conlon, Frantz & Phelan, LLP
1818 N Street, N.W., Suite 400
Washington, DC 20036
Date:

Morgan & Morgan, P.A.
12800 University Drive, Suite 600
Fort Myers, FL 33907
Date:

20

Conlon, Frantz & Phelan, LLP
1818 N Street, N.W., Suite 400
Washington, DC 20036
Date:_____

Walter B. Calton
Attorney At Law
312 East Broad Street
Eufaula, Alabama 36027
Date:_____

Law Offices of James Scott Farrin
280 S. Mangum St. Suite 400
Durham, NC 27701
Date:_____

Rutland & Jankiewicz
128 N. Orange Ave.
Eufala, Alabama 36027
Date:_____

McEachin & Gee LLP
4719 Nine Mile Road
Richmond, VA 23223
Date:_____

Morgan & Morgan, P.A.
12800 University Drive, Suite 600
Fort Myers, FL 33907
Date: 2/16/10

Law Offices of Calton & Calton
226 East Broad Street
Eufaula, AL 36027
Date:_____

Mike Espy, PLLC
317 E. Capitol Street, #101
Jackson, MS 39201
Date:_____

Henninger, Garrison & Davis LLC
PO Box 11310
2224 1st Avenue North
Birmingham, AL 35202
Date:_____

The Mason Law Firm LLP
1225 19th Street NW, #500
Washington, DC 20036
Date:_____

Conlon, Frantz & Phelan, LLP
1818 N Street, N.W., Suite 400
Washington, DC 20036
Date:_____

Walter B. Calton
Attorney At Law
312 East Broad Street
Eufaula, Alabama 36027
Date:_____

Law Offices of James Scott Farrin
280 S. Mangum St. Suite 400
Durham, NC 27701
Date:_____

Rutland & Jankiewicz
128 N. Orange Ave.
Eufala, Alabama 36027
Date:_____

McEachin & Gee LLP
4719 Nine Mile Road
Richmond, VA 23223
Date:_____

Morgan & Morgan, P.A.
12800 University Drive, Suite 600
Fort Myers, FL 33907
Date:_____

Law Offices of Calton & Calton
226 East Broad Street
Eufaula, AL 36027
Date:   2 - 16 - 10

Mike Espy, PLLC
317 E. Capitol Street, #101
Jackson, MS 39201
Date:_____

Henninger, Garrison & Davis LLC
PO Box 11310
2224 1st Avenue North
Birmingham, AL 35202
Date:_____

The Mason Law Firm LLP
1225 19th Street NW, #500
Washington, DC 20036
Date:_____

Crowell & Moring LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
Date:_____

Law Offices of James Scott Farrin
280 S. Mangum St. Suite 400
Durham, NC 27701
Date:_____

Chestnut, Sanders, Sanders, Pettaway &
Campbell, LLC
One Union Street
Selma, AL 36701
Date:_____

McEachin & Gee LLP
4719 Nine Mile Road
Richmond, VA 23223
Date:_____

Pogust Braslow & Millrood
161 Washington Street, Suite 1520
Conshohocken, PA 19428
Date:_____

Law Offices of Calton & Calton
226 East Broad Street
Eufaula, AL 36027

Stinson Morrison Hecker LLP
1150 18th Street NW #800
Washington, DC 20036-3816
Date:_____

Henninger, Garrison & Davis LLC
PO Box 11310
2224 1st Avenue North
Birmingham, AL 35202
Date:__2/17/10_____

Conlon, Frantz & Phelan, LLP
1818 N Street, N.W., Suite 400
Washington, DC 20036
Date:_____

Morgan & Morgan, P.A.
12800 University Drive, Suite 600
Fort Myers, FL 33907
Date:_____

Conlon, Frantz & Phelan, LLP
1818 N Street, N.W., Suite 400
Washington, DC 20036
Date:_____

Walter B. Calton
Attorney At Law
312 East Broad Street
Eufaula, Alabama 36027
Date:_____

Law Offices of James Scott Farrin
280 S. Mangum St. Suite 400
Durham, NC 27701
Date:_____

Rutland & Jankiewicz
128 N. Orange Ave.
Eufala, Alabama 36027
Date:_____

McEachin & Gee LLP
4719 Nine Mile Road
Richmond, VA 23223
Date:_____

Morgan & Morgan, P.A.
12800 University Drive, Suite 600
Fort Myers, FL 33907
Date:_____

Law Offices of Calton & Calton
226 East Broad Street
Eufaula, AL 36027
Date:_____

Mike Espy, PLLC
317 E. Capitol Street, #101
Jackson, MS 39201
Date:_____

Henninger, Garrison & Davis LLC
PO Box 11310
2224 1st Avenue North
Birmingham, AL 35202
Date:_____

The Mason Law Firm LLP
~~1225 19th Street NW, #500~~ 1625 Miss. Ave., NW
Washington, DC 20036    Ste 605
Date: 2-16 - 2010

Cross & Kearney, PLLC
1022 W. 6th Avenue
Pine Bluff, AR 71601
Date: 2/18/10

Strom Law Firm LLC
2110 N. Beltline Boulevard
Columbia, SC 29204
Date:_____


Patton Boggs, PLLC
2550 M Street, NW
Washington, DC 20037
Date:_____


The Law Offices of Marc Boutwell,
PLLC
P.O. Box 956
Lexington, MS 39095
Date:_____


Gowan Law Office, PLLC
P.O. Box 38
McAdams, MS 39107
Date:_____


Gleason & McHenry
P.O. Box 7316
Tupelo, MS 38802
Date:_____

22

Cross & Kearney, PLLC
1022 W. 6th Avenue
Pine Bluff, AR 71601
Date:_____

Strom Law Firm LLC
2110 N. Beltline Boulevard
Columbia, SC 29204
Date:_____

Patton Boggs, PLLC
2550 M Street, NW
Washington, DC 20037
Date:_____ 2-18-10

The Law Offices of Marc Boutwell,
PLLC
P.O. Box 956
Lexington, MS 39095
Date:_____

Gowan Law Office, PLLC
P.O. Box 38
McAdams, MS 39107
Date:_____

Gleason & McHenry
P.O. Box 7316
Tupelo, MS 38802
Date:_____

22

Cross & Kearney, PLLC
1022 W. 6th Avenue
Pine Bluff, AR 71601
Date:

Strom Law Firm LLC
2110 N. Beltline Boulevard
Columbia, SC 29204
Date:


Patton Boggs, PLLC
2550 M Street, NW
Washington, DC 20037
Date:


The Law Offices of Marc Boutwell,
PLLC
P.O. Box 956
Lexington, MS 39095
Date: 2 . 18 - 2010


Gowan Law Office, PLLC
P.O. Box 38
McAdams, MS 39107
Date: 2 - 18 - 2010


Gleason & McHenry
P.O. Box 7316
Tupelo, MS 38802
Date:

22

The Law Offices of Marc Boutwell, PLLC
P.O. Box 956
Lexington, MS 39095
Date:_____

Gowan Law Office, PLLC
P.O. Box 38
McAdams, MS 39107
Date:_____

Gleason & McHenry, PLLC
P.O. Box 7316
Tupelo, MS 38802
Date:___2/18/10___

Strom Law Firm LLC
2110 N. Beltline Boulevard
Columbia, SC 29204
Date:_____

21

Cross & Kearney, PLLC
1022 W. 6th Avenue
Pine Bluff, AR 71601
Date:_____

Strom Law Firm LLC
2110 N. Beltline Boulevard
Columbia, SC 29204
Date: 2/18/12

Patton Boggs, PLLC
2550 M Street, NW
Washington, DC 20037
Date:_____

The Law Offices of Marc Boutwell,
PLLC
P.O. Box 956
Lexington, MS 39095
Date:_____

Gowan Law Office, PLLC
P.O. Box 38
McAdams, MS 39107
Date:_____

Gleason & McHenry
P.O. Box 7316
Tupelo, MS 38802
Date:_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re BLACK FARMERS<br>DISCRIMINATION<br>LITIGATION<br><br>This document relates to:<br><br>ALL CASES | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Mis. No. 08-mc-0511 (PLF)

## FEE ALLOCATION AGREEMENT

The parties executing this Fee Allocation Agreement hereby agree:

1)    This Fee Allocation Agreement is entered into pursuant to a Participation Agreement executed by all of the parties hereto, and constitutes the separate writing referenced in Footnote 2 of that Participation Agreement.

2)    The purpose of this Fee Allocation Agreement is to memorialize the specific percentages of attorneys' fees each of the parties hereto have agreed to accept for their work as class counsel in the above captioned case.

      a) As class counsel under this Fee Allocation Agreement, the following firms agree to perform 100% of the future class action work allocated to the undersigned firms pursuant to Section IV of the Participation Agreement for the fee set forth paragraph 5 of the this Fee Allocation Agreement:  Morgan & Morgan, P.A.; Mike Espy, PLLC, and The Mason Law Firm, LLP.

      b) As class counsel under this Fee Allocation Agreement, the following firms will continue to represent their individually retained clients and for work completed to date for the fee percentage listed in paragraph 5 of this agreement:  Cross & Kearney, PLLC; Patton Boggs LLP; The Law Offices of Marc Boutwell; Gowan Law Office, PLLC; Gleason & McHenry; and Strom Law Firm, LLC.

      c) Any disputes under this Fee Allocation Agreement shall be resolved pursuant to the Section VI of the Participation Agreement.

3)    As detailed in the Participation Agreement, the parties hereto have agreed to share among themselves twenty-five percent (25%) of the total of any attorneys' fees awarded by the Court pursuant to the settlement entered into by the parties in the above captioned case.  Of that twenty-five percent fee allocation, the parties to this Fee Allocation Agreement agree to the distribution of that fee as set forth herein.  The percentages set forth in this Fee Allocation Agreement represent the percentage of the entire fee which a specific firm has agreed to accept and do not represent a pro rata share of the twenty-five percent allocated to them as a whole.

Where more than one firm is designated to receive a certain allocation, it shall be left to those firms as to how to divide the allocation between them.

      4)      The parties to this Fee Allocation Agreement agree and represent that the allocation percentages set forth in this Fee Allocation Agreement represent a fair and equitable distribution of the fee, taking into account the parties contributions to date and the expected contributions set forth in paragraph 2 above in representing the class in the above captioned case.

      5)      The fee allocation shall be as follows:

**Fifteen Percent (15%) of the total fee award to the following three firms:**

Morgan & Morgan, P.A.
12800 University Drive, Suite 600
Fort Myers, FL 33907

Mike Espy, PLLC
317 E. Capitol Street, #101
Jackson, MS 39201

The Mason Law Firm LLP
1225 19th Street NW, #500
Washington, DC 20036

**Two and one half (2.5%) of the total fee award to the following two firms:**

Cross & Kearney, PLLC
1022 W. 6th Avenue
Pine Bluff, AR 71601

Patton Boggs LLP
2550 M Street, NW
Washington, DC 20037

**Two and one half (2.5%) of the total fee award to the following two firms:**

The Law Offices of Marc Boutwell, PLLC
P.O. Box 956
Lexington, MS 39095

Gowan Law Office, PLLC
P.O. Box 38
McAdams, MS 39107

**Two and one half (2.5%) of the total fee award to the following firm:**

Gleason & McHenry
P.O. Box 7316
Tupelco, MS 38802


**Two and one half (2.5%) of the total fee award to the following firm:**
Strom Law Firm LLC
2110 N. Beltline Boulevard
Columbia, SC 29204

6)     This Fee Allocation Agreement may be modified only with the written agreement of all the Parties hereto, provided, however, that the parties understand and agree the Court may modify the allocation set forth in this agreement and any such modifications by the Court shall be given full force and effect as though originally set forth in this Fee Allocation Agreement.

7)     Each of the undersigned firms understands and agrees that it is solely responsible for complying with any and all State Bar rules or regulations that may apply to it by virtue of it being a party to this Fee Allocation Agreement. Each of the undersigned firms represents and warrants to the others that it shall comply with any such State Bar rules or regulations. In the event that any provision of this Fee Allocation Agreement shall be determined not in compliance with any applicable ethical or State Bar rule, regulation or code provision, it is the intent of the parties that such provision be reformed to give life to the intent of the parties, and to assure compliance with such code, rule or regulation. To the extent that any provision may not be reformed, it is the intent of the parties that the remainder of this Fee Allocation Agreement shall be enforceable according to its terms.

8)     Should any provision of this Fee Allocation Agreement be found by a court to be invalid or unenforceable, in whole or in part, then (a) the validity of other provisions of this Agreement shall not be affected or impaired, and (b) such provisions shall be enforced to the maximum extent possible.

9)     Neither this Fee Allocation Agreement nor any obligation or right under this Fee Allocation Agreement, including but not limited to the obligation of performance by any party of any provision of this Fee Allocation Agreement or any rights to fees or costs reimbursements set out herein, may be delegated nor assigned without the written agreement of all parties.

10)     This Fee Allocation Agreement may be executed in counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.

11)     This Fee Allocation Agreement shall be effective as of the date the last of the Parties executes it.

Morgan & Morgan, P.A.

3

12800 University Drive, Suite 600
Fort Myers, FL 33907
Date: 1/19/10
_____

Gowan Law Office, PLLC
P.O. Box 38
McAdams, MS 39107
Date:_____

Mike Espy, PLLC
317 E. Capitol Street, #101
Jackson, MS 39201
Date:_____

Gleason & McHenry
P.O. Box 7316
Tupelo, MS 38802
Date:_____

The Mason Law Firm LLP
1225 19th Street NW, #500
Washington, DC 20036
Date:_____

Cross & Kearney, PLLC
1022 W. 6th Avenue
Pine Bluff, AR 71601
Date:_____

Strom Law Firm LLC
2110 N. Beltline Boulevard
Columbia, SC 29204
Date:_____

Patton Boggs
2550 M Street, NW
Washington, DC 20037
Date:_____

The Law Offices of Marc Boutwell, PLLC
P.O. Box 956
Lexington, MS 39095
Date:_____

4

12800 University Drive, Suite 600
Fort Myers, FL 33907
Date:_____

Gowan Law Office, PLLC
P.O. Box 38
McAdams, MS 39107
Date:_____

Mike Espy, PLLC
317 E. Capitol Street, #101
Jackson, MS 39201
Date: _1-19- 2010_

The Mason Law Firm LLP
1225 19th Street NW, #500
Washington, DC 20036
Date:_____

Gleason & McHenry
P.O. Box 7316
Tupelo, MS 38802
Date:_____

Cross & Kearney, PLLC
1022 W. 6th Avenue
Pine Bluff, AR 71601
Date:_____

Strom Law Firm LLC
2110 N. Beltline Boulevard
Columbia, SC 29204
Date:_____

Patton Boggs
2550 M Street, NW
Washington, DC 20037
Date:_____

The Law Offices of Marc Boutwell, PLLC
P.O. Box 956
Lexington, MS 39095
Date:_____

12800 University Drive, Suite 600
Fort Myers, FL 33907
Date:_____

Gowan Law Office, PLLC
P.O. Box 38
McAdams, MS 39107
Date:_____

Mike Espy, PLLC
317 E. Capitol Street, #101
Jackson, MS 39201
Date:_____

Gleason & McHenry
P.O. Box 7316
Tupelo, MS 38802
Date:_____

The Mason Law Firm LLP
1225 19th Street NW, #500
Washington, DC 20036
Date:____ 1-19- 2010

Cross & Kearney, PLLC
1022 W. 6th Avenue
Pine Bluff, AR 71601
Date:_____

Strom Law Firm LLC
2110 N. Beltline Boulevard
Columbia, SC 29204
Date:_____

Patton Boggs
2550 M Street, NW
Washington, DC 20037
Date:____ _____

The Law Offices of Marc Boutwell, PLLC
P.O. Box 956
Lexington, MS 39095
Date:_____

4

12800 University Drive, Suite 600
Fort Myers, FL 33907
Date:_____

Gowan Law Office, PLLC
P.O. Box 38
McAdams, MS 39107
Date:_____

Mike Espy, PLLC
317 E. Capitol Street, #101
Jackson, MS 39201
Date:_____

Gleason & McHenry
P.O. Box 7316
Tupelo, MS 38802
Date:_____

The Mason Law Firm LLP
1225 19th Street NW, #500
Washington, DC 20036
Date:_____

Cross & Kearney, PLLC
1022 W. 6th Avenue
Pine Bluff, AR 71601
Date:_____

Strom Law Firm LLC
2110 N. Beltline Boulevard
Columbia, SC 29204
Date:_____

Patton Boggs LLP
2550 M Street, NW
Washington, DC 20037
Date: 1-18-10

The Law Offices of Marc Boutwell, PLLC
P.O. Box 956
Lexington, MS 39095
Date:_____

4

12800 University Drive, Suite 600
Fort Myers, FL 33907
Date:_____

Gowan Law Office, PLLC
P.O. Box 38
McAdams, MS 39107
Date:_____

Mike Espy, PLLC
317 E. Capitol Street, #101
Jackson, MS 39201
Date:_____

The Mason Law Firm LLP
1225 19th Street NW, #500
Washington, DC 20036
Date:_____

Gleason & McHenry
P.O. Box 7316
Tupelo, MS 38802
Date:_____

Cross & Kearney, PLLC
1022 W. 6th Avenue
Pine Bluff, AR 71601
Date:_____

Patton Boggs
2550 M Street, NW
Washington, DC 20037
Date:____1/15/2010_____

Strom Law Firm LLC
2110 N. Beltline Boulevard
Columbia, SC 29204
Date:_____

The Law Offices of Marc Boutwell, PLLC
P.O. Box 956
Lexington, MS 39095
Date:_____

4

12800 University Drive, Suite 600
Fort Myers, FL 33907
Date:_____

Gowan Law Office, PLLC
P.O. Box 38
McAdams, MS 39107
Date:_____

Mike Espy, PLLC
317 E. Capitol Street, #101
Jackson, MS 39201
Date:_____

The Mason Law Firm LLP
1225 19th Street NW, #500
Washington, DC 20036
Date:_____

Gleason & McHenry
P.O. Box 7316
Tupelo, MS 38802
Date:_____

Cross & Kearney, PLLC
1022 W. 6th Avenue
Pine Bluff, AR 71601
Date:_____

Patton Boggs LLP
2550 M Street, NW
Washington, DC 20037
Date:_____

Strom Law Firm LLC
2110 N. Beltline Boulevard
Columbia, SC 29204
Date:_____

The Law Offices of Marc Boutwell, PLLC
P.O. Box 956
Lexington, MS 39095
Date:____Jan 18, 2010____

4

12800 University Drive, Suite 600
Fort Myers, FL 33907
Date:_____

Gowan Law Office, PLLC
P.O. Box 38
McAdams, MS 39107
Date:_____

Mike Espy, PLLC
317 E. Capitol Street, #101
Jackson, MS 39201
Date:_____

Gleason & McHenry, PLLC
P.O. Box 7316
Tupelo, MS 38802
Date: 1/15/2010

The Mason Law Firm LLP
1225 19th Street NW, #500
Washington, DC 20036
Date:_____

Cross & Kearney, PLLC
1022 W. 6th Avenue
Pine Bluff, AR 71601
Date:_____

Strom Law Firm LLC
2110 N. Beltline Boulevard
Columbia, SC 29204
Date:_____

Patton Boggs
2550 M Street, NW
Washington, DC 20037
Date:_____

The Law Offices of Marc Boutwell, PLLC
P.O. Box 956
Lexington, MS 39095
Date:_____

4

12800 University Drive, Suite 600
Fort Myers, FL 33907
Date:_____

Gowan Law Office, PLLC
P.O. Box 38
McAdams, MS 39107
Date:_____

Mike Espy, PLLC
317 E. Capitol Street, #101
Jackson, MS 39201
Date:_____

The Mason Law Firm LLP
1225 19th Street NW, #500
Washington, DC 20036
Date:_____

Gleason & McHenry
P.O. Box 7316
Tupelo, MS 38802
Date:_____

Strom Law Firm LLC
2110 N. Beltline Boulevard
Columbia, SC 29204
Date: ___1/19/10___

Cross & Kearney, PLLC
1022 W. 6th Avenue
Pine Bluff, AR 71601
Date:_____

Patton Boggs
2550 M Street, NW
Washington, DC 20037
Date:_____

The Law Offices of Marc Boutwell, PLLC
P.O. Box 956
Lexington, MS 39095
Date:_____

4

The Law Offices of Marc Boutwell, PLLC
P.O. Box 956
Lexington, MS 39095
Date:_____

_____  for Gowan Law Office PLlc

Gowan Law Office, PLLC
P.O. Box 38
McAdams, MS 39107
Date:___Jan 18, 2010___

_____

Gleason & McHenry
P.O. Box 7316
Tupelo, MS 38802
Date:_____

_____

Strom Law Firm LLC
2110 N. Beltline Boulevard
Columbia, SC 29204
Date:_____

5

## JOINT REPRESENTATION AGREEMENT RE
## BLACK FARMERS LITIGATION *(PIGFORD II)*

WHEREAS, the Law   Offices of Chestnut, Sanders & Sanders, Conlon, Frantz & Phelan, LLP, and the Law Office of  Phillip L. Fraas (hereafter "CFF"), the Law Offices of James Scott Farrin ("JSF"), McEachin & Gee LLP ("MG") and Pogust, Braslow & Millrood, LLC ("PBM") each have been retained by numerous Black Farmers to file claims on their behalf, pursuant to Section 14012 of the Food, Conservation and Energy Act of 2008, against the United States Department of Agriculture; and

WHEREAS, the four Law Offices ("The Four Firms") have determined that their mutual interests, and those of their clients, are best served by pooling the resources of the Four Firms, and the law firms with which each has affiliated, for purposes of prosecuting these claims, and acting jointly on behalf of all farmers represented by CFF, JSF, MG or PBM;

CFF, JSF, MG and PBM agree as follows:

I.  Representation of  Black Farmers:  All farmers (or their legal representatives) who retained CFF, JSF, MG, or PBM prior to execution of this Agreement will be advised that a Joint Representation Agreement between the Four Firms exists and, and as required by law, will be given the option to execute a new Joint Retainer Agreement [pursuant to which they will be represented jointly by the Four Firms and their affiliated counsel] to replace the agreements previously signed with one of the above Four Firms.

The new Joint Retainer Agreements will in no case provide a less favorable fee arrangement for the farmer than the retainer agreement previously executed by the farmer.  All farmers who henceforth retain any of The Four Law Firms either directly or indirectly through affiliate law firms, will be represented jointly by CFF, JSF, MG, and PBM (and lawyers working with them), and will be advised of the existence of a Joint Representation Agreement, including a fee sharing arrangement,                              among                              counsel.

All farmers who retain counsel pursuant to this Agreement will be advised that the undersigned counsel have agreed upon a division of fees, but that such division will not affect the farmers' recovery.  CFF, JSF, MG, and PBM will work jointly to advance all claims by farmers who retain counsel pursuant to this Agreement, and all fees earned from the representation of such clients will be allocated pursuant to paragraph IV, below.

II. <u>Management of Black Farmers Litigation</u>: *Agee, et al. v. Schafer*, Civ. A. No. 08-0882; *Kimbrough, et al. v. Schafer*, Civ. A. No. 08-0901; *Adams, et al. v. Schafer*, Civ. A. No. 08-0919; *National Black Farmers Association, et al. v. Schafer*, Civ. A. No. 08-0940; *Bennett, et al. v. Schafer*, Civ. A. No. 08-0962; *McKinney, et al. v. Schafer*, Civ A. No. 08-1062, *Bolton, et al. v. Schafer*, Civ. A. No. 08-1070, and any additional cases filed by CFF, JSF, MG, PBM, or affiliate law firms working with them, will be managed by a three-person Steering Committee, composed of a representative of each of CFF, JSF, and PBM. The Steering Committee will manage all litigation (including settlement) and legislative strategy, develop a claims processing and client communications strategy, approve shared costs and expenditures for these cases, and attempt to resolve any other matters arising under this Agreement.

III. <u>Affiliate Law Firms</u>: All representations of Black Farmers by any of The Four Law Firms through other lawyers or law firms with which they have affiliated, and fees generated through those representations, will be subject to the terms of this Joint Representation Agreement.

IV. <u>Fee Allocation</u>: The allocation of attorneys' fees, after payment first of shared costs (see Exh. "A" to this Agreement), shall be as follows: Of the first One Hundred Million Dollars ($100,000,000) in gross attorneys' fees, fifty-seven and one half percent (57.5%) shall go to JSF, twenty-five Percent (25%) shall go to CFF, and seventeen and one half percent (17.5%) shall go to PBM. For gross attorneys' fees exceeding One Hundred Million Dollars ($100,000,000), sixty percent (60%) shall go to JSF; twenty percent (20%) shall go to CSS; and twenty percent (20%) shall go to PBM.

V. <u>Certain Costs</u>: JSF agrees to pay the attorneys' fees and expenses of Crowell & Moring LLP, out of its share of the fees. Costs in excess of $5,000 must be approved unanimously by the Steering Committee before being charged as a "shared cost." All costs or other financial obligations incurred prior to the effective date of this Agreement shall be born by the individual Law Firm(s) which incurred such costs or obligations.

VI. <u>Lead Counsel</u>: J.L. Chestnut and Crowell & Moring LLP will serve as Co-Lead Counsel for all cases encompassed by this Agreement, including any new cases filed pursuant to this Agreement.

VII. <u>Liaison Counsel</u>: Crowell & Moring LLP will serve in the administrative role of Liaison Counsel for these cases, to facilitate communications among the Court and counsel, and with opposing counsel, and otherwise to provide for the efficient progress of this litigation.

VIII. <u>Dispute Resolution Clause</u>: This Agreement shall be governed by and construed in accordance with the laws of the District of Columbia, without regard to choice of law rules and principles. The parties agree to resolve any dispute by arbitration according to the terms of the American Arbitration Association.

IX. Any changes to this Agreement must be by unanimous consent of the Steering Committee.


Dated: July 9, 2008

*Henry Sanders*

J. L. Chestnut, Jr.
Henry Sanders
Rose M. Sanders
CHESTNUT, SANDERS, SANDERS,
PETTAWAY & CAMPBELL, L.L.C.
One Union Street
Selma, Al 36702
Tel: 334-875-9264
Fax: 334-875-9853

Attorneys for Plaintiffs in Case No.
08-0901


Dated: July 9, 2008

*David J Frantz*

David J. Frantz
Brian P. Phelan
Michael J. Conlon
CONLON, FRANTZ & PHELAN, LLP
1818 N Street, N.W., Suite 400
Washington, DC 20036
Phone: 202-331-7050
Fax: 202-331-9306

Attorneys for Plaintiffs in Case No.
08-0901

Dated: July 9, 2008

Phillip L. Fraas
LAW OFFICE OF PHILLIP L. FRAAS
818 Connecticut Ave., N.W., 12th floor
Washington, DC 20006
Phone: 202-223-1499
Fax: 202-223-1699

Attorneys for Plaintiffs in Case No.
08-0901

Dated: July 9, 2008

James Scott Farrin
LAW OFFICES OF JAMES SCOTT FARRIN
4819 Emperor Boulevard, Suite 200
Durham NC, 27703
Phone: 919-688-4991
Fax: 919-688-4468

Attorney for Plaintiffs in Case Nos.
08-0940 and 08-1062

Dated: July 9, 2008

Donald McEachin / JSF
Donald McEachin
Donald J. Gee
MCEACHIN & GEE LLP
4719 Nine Mile Road
Richmond, VA 23223
Phone: 804-226-4111
Fax: 804-226-8888

Attorneys for Plaintiffs in Case Nos.
08-0940 and 08-1062

4

Dated: July 9, 2008

Harris L. Pogust
Tobias L. Millrood
Derek T. Braslow
POGUST, BRASLOW & MILLROOD, LLC
161 Washington Street, Suite 1520
Conshohocken, PA  19428
Tel: 610-941-4204
Fax: 610-941-4245

Attorney for the Plaintiffs in Case
Nos. 08-0882, 08-0919 and 08-0962

<u>Exhibit A to the JRA</u>

The following costs are to be shared among the Four Firms in proportion to their respective fee allocations reflected in Section IV above:

- Legal or other professional/para professional fees and costs associated with completing individual claims of Black Farmers, including, but not limited to field work, postage and printing.

- Legislative/lobbying fees

- Public relations fees and costs(direct mail fees/investigation)

- Claims adjudication fees/costs (both professional and administrative)

Administrative fees associated with the Farrin Firm's internal operations associated with this litigation, such as the hiring of individuals to input data into various databases, are not costs to be shared among the Four Firms.

6005384_6