UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
In re BLACK FARMERS DISCRIMINATION  )   Misc. No. 08-0511 (PLF)
LITIGATION                          )
_____ )

MEMORANDUM OPINION AND ORDER

Mr. Leon Pierre has sent a letter to the Court on behalf of himself, Mr. Herb Bossier, and Mr. Gerard Pierre, that the Court has construed as a motion to participate in the claims resolution process established by the Settlement Agreement in this case. See Dkt. No. 349 ("Mot."). An unsuccessful "Track A" claimant in Pigford v. Glickman, Civil Action No. 97-1978 (D.D.C.), Mr. Pierre requests that he "be given late filing status in the In re Black Farmers Litigation case by throwing out the original case and decision." Mot. at 2. Along with his letter, Mr. Pierre has included over 170 pages of documents in support of his request. See Dkt. No. 349-1. He also has sent a second letter to the Court, which has not been docketed, that further explains the relief he seeks and why he believes it is warranted.

The Court must deny Mr. Pierre's request because it lacks authority to grant the relief that he seeks. In the legislation that created the cause of action underlying this case — Section 14012 of the Food, Conservation, and Energy Act of 2008 (the "Farm Bill") — Congress provided that the only type of plaintiff who can participate in this case is an individual "who previously submitted a late-filing request under section 5(g) of the consent decree" in Pigford v. Glickman and "who has not previously obtained a determination on the merits" of his claim. PUB. L. NO. 110-246, § 14012(b), 122 Stat. 1651 (2008). Reflecting this Congressionally mandated restriction, the Settlement Agreement entered into by the parties defines the plaintiff

class as follows: "All individuals: (1) who submitted Late-Filing Requests under Section 5(g) of the Pigford v. Glickman Consent Decree on or after October 13, 1999, and on or before June 18, 2008; but (2) who have not obtained a determination on the merits of their discrimination complaints, as defined by Section 1(h) of the Consent Decree." Settlement Agreement (Revised and Executed as of May 13, 2011) § III.A [Dkt. No. 170-2].

As noted, Mr. Pierre filed a timely Track A claim in Pigford that was denied by the Adjudicator. See Dkt. No. 349-1 at 12-15. Because his Pigford claim received a determination on the merits, he cannot participate as a plaintiff in this action. See Order at 2, Latham v. Vilsack, No. 11-5326 (D.C. Cir. July 25, 2012) ("Because appellant Latham received a determination of his claim under the Pigford v. Glickman consent decree, he is not a member of the settlement agreement approved by the district court[.]" (citing Farm Bill § 14012)).

Mr. Pierre maintains that the adjudication of his claim in Pigford was not truly "on the merits," because the Adjudicator made certain mistakes in deciding the claim. See Mot. at 4. He appears to contend that because the Adjudicator's decision observes that he and another individual filed identical claims (being part of the same farming operation), the Adjudicator did not actually consider Mr. Pierre's own separate circumstances and claim. See Dkt. No. 349-1 at 13. He also suggests that the Adjudicator did not properly examine the evidence submitted in support of his claim. Finally, he seems to allege that class counsel and the USDA engaged in certain transgressions or made certain errors that led to the erroneous denial of his claim. Under the Pigford Consent Decree, however, decisions of the Adjudicator are final, subject only to limited review by the Monitor. See Consent Decree ¶¶ 9(a)(v), 12(a)(iii). Mr. Pierre could have petitioned the Monitor to review the Adjudicator's denial of his claim, but he does not appear to have done so. The decision on his claim therefore remains final. Regardless of whatever errors

Mr. Pierre believes the decision contains, moreover, it was a decision on the merits. Thus the Court has no power, either in this case or in its capacity presiding over Pigford, to set aside Mr. Pierre's Track A adjudication decision. Even if it did, Mr. Pierre has supplied no evidence that he previously submitted a late-filing request under section 5(g) of the Consent Decree in Pigford, which under the Farm Bill is also a prerequisite for participation in this case.

Many of the materials supplied to the Court by Mr. Pierre — including newspaper articles featuring his work — suggest that he, Mr. Bossier, and their associates engaged in laudable efforts, starting in the 1960s, to help struggling black farmers (and non-black farmers) through the development of farm cooperatives. Nevertheless, he is prohibited by law from participating as a claimant in this case, as well as from challenging at this point the results of his adjudication in Pigford. His request therefore cannot be granted.

Accordingly, it is hereby

ORDERED that Mr. Pierre's motion [Dkt. No. 349] is DENIED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: May 7, 2013                     United States District Judge