## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| In re BLACK FARMERS DISCRIMINATION LITIGATION<br><br>This document relates to:<br><br>ALL CASES | )<br>)<br>)<br>)<br>)<br>)  Misc. No. 08-mc-0511 (PLF)<br>)<br>)<br>)<br>)<br>) |

## MOTION TO FURTHER MODIFY FINAL ORDER
## AND JUDGMENT AND MEMORANDUM IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 60(b), Plaintiffs hereby move this Court to further modify the final Order and Judgment (Docket No. 231) (hereinafter "Settlement Order") approving the Settlement Agreement entered between the parties (Docket No. 170, Ex. 2) in accordance with the attached Proposed Order. The Settlement Order previously was modified on September 14, 2012 to allow certain limited groups of claimants to file claims and/or rectify previously-filed incomplete claims after the May 11, 2012 Claim Deadline (Docket No. 304), and again on February 14, 2013 to allow a then-recently identified, and limited in number, group of individuals to refile their claims on behalf of the proper claimant (Docket No. 346).

Plaintiffs now seek a further modification of the Settlement Order, warranted by the same considerations of fairness and equity as supported the September 14, 2012 and February 14, 2013 modifications, to allow certain claims previously denied as "incomplete" to have an opportunity

be considered for adjudication on the merits by the Neutral. There are potentially 384 claims, in two categories, that are the subject of this Motion.[1]

Both groups of claims were filed by individuals whose claims were denied by the Claims Administrator as "incomplete" and who may have been unfairly prejudiced by either: 1) communications received from the Claims Administrator subsequent to the mailing of the "Your Claim is Not Complete Form" ("Category I"); or 2) the initial review of their Claim Packages by the Claims Administrator ("Category II"). Through this Motion, Plaintiffs seek to afford those individuals in Category I a further opportunity to complete their claim form and, if the incompleteness is remedied, to have their claim form reviewed on the merits by the Neutral. For individuals in Category II, Plaintiffs seek a "re-review" of their claim form to determine whether all of the information required for a "complete" claim had been provided, but in spaces *other than* those designated on the claim form for such information, and, if so, to have their claim form reviewed on the merits by the Neutral.

Pursuant to Local Rule 7(m), Class Counsel have conferred with counsel for the Defendant, who have advised that they oppose this Motion.

**I.**

The modifications are warranted for both categories of claims, as follows:

Category I Claimants were mailed a "Your Claim is Not Complete Form" and then *subsequently* were sent a "Courtesy Claim" Letter or an "Acknowledgement" Letter by the Claims Administrator. The Courtesy Claim Letter included a copy of the claim form submitted by the claimant and a statement advising that "[t]h[e] letter does not require any action on your

---

[1] However, should the Court permit this modification, only 264 of the previously "denied as incomplete" claims will be deemed sufficiently complete, following efforts to cure, to proceed to adjudication on the merits. See n.2, *infra*.

part." The Acknowledgement Letter, similarly, acknowledged receipt of the claim form and advised that the Claims Administrator "will contact you if additional information is needed to evaluate your claim." These Letters, received by Category I Claimants *after* having been advised that their claim forms were incomplete and, pursuant to Section V.B.2 of the Settlement Agreement, were required to be completed and submitted within 30 days in order to be adjudicated on the merits, potentially confused these claimants as to the necessity of any further action on their part to complete their claims. As a result, Category I Claimants, reasonably, did *not* remedy their incomplete claims within the required 30 days and, as a result, ultimately had their claims denied. To permit these claims to be considered now, after the 30-day period for completing such claims has expired, requires an amendment to Section V.B.2 of the Settlement Agreement.

In the case of the Category II Claimants, their claim forms were deemed "incomplete" by the Claims Administrator because blanks were left beside certain questions for which answers were required. After the requisite 30 days following the mailing of the "Your Claim is Not Complete Form" had passed and a claim form remained incomplete, the claim was denied. However, upon additional review of the claim forms *as a whole*, the claim forms of the Category II Claimants, while technically "incomplete," in fact were found to include the missing information, but in a location on the claim form *other than* the specific space where the information was to be provided. To permit these claims to be adjudicated on the merits now however, following their denial by the Claims Administrator as incomplete, will require an amendment to Section V.A.8. of the Settlement Agreement.

Plaintiffs submit that the modifications reflected in the attached Proposed Order are necessary to remedy the potential prejudice to a full and fair consideration of both categories of

claims. For Category I Claimants, their potential confusion as to whether additional steps were still necessary to complete their Claim Packages may have misled them to forego a timely curing of the deficiencies in their claims. Likewise, with respect to Category II Claimants, Plaintiffs assert that the "completeness" of a claim form is best measured by whether all of the required information is included on the form, even if not provided in the specific place requested. Accordingly, the proposed modifications are necessary to ensure the fairness, and integrity, of the claim process. Further, allowing the Category I Claimants an additional three weeks to submit Completed Claim Packages, as provided for in the Proposed Order, will not materially delay the completion of the claims adjudication process for all claims submitted in this case.[2]

## II.

Accordingly, for the reasons set forth herein, Plaintiffs respectfully request the Court to enter the attached proposed order modifying the Settlement Order.

---

[2] Individuals in this category who received the Courtesy Claim Letters were notified by the Claims Administrator on March 15, 2013 that the Court might permit their claims to be considered if completed and returned to the Claims Administrator by April 5, 2013; likewise, individuals who received Acknowledgement Letters after having been sent a "Your Claim is Not Complete" Form were notified on March 25, 2013 that the Court might permit their claims to be considered if completed and returned by April 15, 2013.

Respectfully submitted,

/s/ Henry Sanders
Henry Sanders
CHESTNUT, SANDERS, SANDERS,
PETTAWAY & CAMPBELL, LLC
One Union Street
Selma, AL  36701
Tel:  (334) 875-9264
Fax:  (334) 875-9853

/s/ Andrew H. Marks
Andrew H. Marks
 D.C. Bar No. 932269
COFFEY BURLINGTON P.L.
2699 South Bayshore Drive
Miami, FL 33133
Tel:  (305) 858-2900
Fax:  (305) 858-5261

/s/ Gregorio A. Francis
Gregorio A. Francis
MORGAN & MORGAN, PA
20 North Orange Avenue, #1600
Orlando, FL  32801
Tel:  (407) 420-1414

Date: May 24, 2013

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re BLACK FARMERS DISCRIMINATION LITIGATION <br><br> This document relates to: <br><br> ALL CASES | Misc. No. 08-mc-0511 (PLF) |

**[PROPOSED] ORDER**

Upon consideration of Plaintiffs' Motion to Further Modify Final Order and Judgment and Memorandum In Support, the United States' Response and the entire record herein, it is hereby

ORDERED that the Order and Judgment entered by the Court on October 27, 2011 (Docket No. 231), as amended by the Settlement Orders entered by this Court on September 14, 2012 (Docket No. 304) and February 14, 2013 (Docket No. 346), be and hereby is further amended by adding the following:

> 31.  Notwithstanding the provision in Section V.B.2.of the Settlement Agreement (Docket No. 233) prohibiting extensions of time for submitting a Complete Claim Package, individuals who timely filed a claim form which was deemed incomplete by the Claims Administrator but who received a "Courtesy Claim" Letter or an "Acknowledgement" Letter *after* receiving a "Your Claim Package is not Complete Form" shall be entitled to submit a Complete Claim Package, which shall be deemed timely, if submitted with a postmark no later than April 5, 2013 (for those individuals who received a "Courtesy Claim" Letter) and April 15, 2013 (for those individuals who received an "Acknowledgement" Letter), respectively.
>
> 32.  Notwithstanding the provision in Section V.A.8. of the Settlement Agreement (Docket No. 233) that Claim Determinations made in the Non-Judicial Claims Process are final and not reviewable, individuals who filed

a timely claim form which was deemed incomplete by the Claims Administrator and whose claims were denied because they did not cure the "incompleteness" within 30 days of the postmark of the "Your Claim Package is Not Complete" Form as required by Section V.B.2. of the Settlement Agreement, may still have their claims determined on the merits if, upon further review, it is determined that all required information was provided on the individual's claim form, notwithstanding where on the claim form such information was provided.

In all other respects, the Order and Judgment as previously entered and modified by the Court shall remain in full force and effect.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

Date: May ___, 2013

2

**CERTIFICATE OF SERVICE**

I certify that on May 24, 2013, I served a copy of the above on all counsel of record by filing a copy via the ECF system.

/s/ *Michael W. Lieberman*
Michael W. Lieberman