UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re BLACK FARMERS DISCRIMINATION LITIGATION<br><br>This document relates to<br><br>ALL CASES | )<br>)<br>)<br>)  Misc. No. 08-mc-0511 (PLF)<br>)<br>)<br>)<br>)<br>) |

**STATUS REPORT OF CLASS COUNSEL REGARDING
PROJECTED TIMELINE FOR COMPLETION OF CLAIMS PROCESS**

Lead Class Counsel respectfully submit this brief status report to apprise the Court of the expected timeline for the completion of the claims process established by the Settlement Agreement in the above-captioned case and to provide the Court with the projection that it is highly likely that there will be sufficient Settlement Funds to pay all prevailing Class Members the full amount of the award authorized by the Settlement Agreement.

Lead Class Counsel have been advised by the Claims Administrator that all of the Track A and Track B Claims qualifying for a review on the merits by the Court-appointed Neutrals have now been provisionally adjudicated. All claims provisionally approved by the Neutrals are being further reviewed in order to: (a) identify situations where multiple provisionally approved claimants have submitted claims relating to a single farming operation (so that the single award which any single farming operation is entitled to receive under the Settlement Agreement can be apportioned among such multiple approved claimants); (b) identify situations where multiple provisionally approved claim submitters have submitted claims relating to a single estate (so that the single award which any estate is entitled to receive under the Settlement Agreement will be

transmitted only to the claim submitter (if any) who is able to demonstrate that he/she has been appointed as the legal representative of the estate); (c) identify situations where multiple provisionally approved claim submitters have submitted claims relating to a single incapacitated person (so that the single award which such an incapacitated person is entitled to receive under the Settlement Agreement will be transmitted only to the claim submitter (if any) who is able to demonstrate that he/she has been appointed as the legal representative of the incapacitated person); (d) identify any provisionally approved claimants who are not Class Members because, on further review, it is determined that they had participated in the *Pigford I* settlement process; and (e) to apply additional quality control measures to ensure that only claims that satisfy the requirements of the Settlement Agreement are approved. It is currently projected that this final review process will be completed by July 19.

The Claims Administrator has further advised Lead Class Counsel of the following provisional claims adjudication results. It is anticipated that these numbers will decline somewhat as the final review process is completed; it is not anticipated that these numbers would increase.

1. A total of 17,525 claimants to date have had their Track A claims provisionally approved for payment of a full Track A Liquidated Award of $50,000 plus a corresponding Tax Award of $12,500.

2. An additional 800 claimants to date have had their Track A claims provisionally approved for payment of a share of a Track A Liquidated Award. It has been provisionally determined that these 800 claimants would share a portion of 369 Track A Liquidated Award payments plus a corresponding Tax Award.

3. Eight additional claimants who have their Track A claims provisionally approved for payment have been provisionally determined to be entitled to ½ of a Track A Liquidated Award plus a corresponding Tax Award because of the $50,000 per individual limitation established by Section V.A.5 of the Settlement Agreement for claimants having an interest in multiple farming operations.

4. No Track B awards will be made.

5. While the number of Track A claimants who will receive a Track A Loan Award is still being confirmed, that number is expected to be no more than 15, and the potential total of all Track a Loan Awards together with the corresponding Track A Tax Award will not exceed $1,800,000.

Based on these determinations, Lead Class Counsel project that the total amount of the Track A Liquidated Awards, Track A Loan Awards, and Track A Tax Awards for prevailing Class Members will not exceed $1,120,425,000.

Once the final review process is completed and the Claims Administrator confirms the number of prevailing Track A claimants who will receive a Track A Loan Award and the amount of their awards (which is expected to take place by July 19), the next step in the implementation of the Settlement Agreement is for the Claims Administrator to prepare and then file with the Court the Preliminary Final Accounting required by Section V.E.7 of the Settlement Agreement. To prepare this accounting, the Claims Administrator is required to determine the Implementation Costs incurred to date and a good faith estimate of future Implementation Costs. Pursuant to Section II.I of the Settlement Agreement, the total Implementation Costs may not, without court approval, exceed $35 million. The Claims Administrator must also determine the Ombudsman Costs incurred to date and a good faith estimate of Ombudsman Costs necessary for

3

the Ombudsman to perform its final duties under this Agreement. The Ombudsman has advised Lead Class Counsel that it does not expect these costs to exceed $2 million.[1]

The final piece of information that the Claims Administrator will require to prepare and file the Preliminary Final Accounting is the Court's determination of the amount of the Fee Award to Class Counsel. Pursuant to Section X.B of the Settlement Agreement, the fees to be awarded by the Court may not exceed 7.4% of the "Fee Base" (defined by Section II.O of the Settlement Agreement to be $1.25 billion *minus* $22.5 million – *i.e.*, $1,227,500,000). This means that the maximum potential fee award is $90,835,000.

Based on the foregoing, the total of the Implementation Costs *plus* the Ombudsman Costs *plus* the maximum possible attorneys' fees will not exceed $127,835,000. Subtracting this maximum amount from the $1.25 billion in Settlement Funds would leave $1,122,165,000 for the payment of awards to prevailing claimants under the Settlement Agreement. Since, as computed above, it is projected that the total amount of the Track A Liquidated Awards, Track A Loan Awards, and Track A Tax Awards for prevailing Class Members will not exceed $1,120,425,000. This means that it is highly likely that there will be sufficient Settlement Funds to pay all prevailing Class Members the full amount of the award authorized by the Settlement Agreement regardless of the actual Implementation Costs computed by the Claims Administrator or the amount of the attorneys' fees awarded by the Court.

As noted above, the Claims Administrator currently projects that by July 19 the final review process will be completed and it will be able to confirm the number of prevailing Track A claimants who will receive a Track A Loan Award and the amount of their awards. Based on

---

[1] Section V.E.7 of the Settlement Agreement also requires the Claims Administrator to determine the amount of any interim Common Benefit Fees and the Track B Fees incurred by Track B Class Members. No interim Common Benefit Fees were sought or awarded. And because no Track B claimants were found to have satisfied the requirement for a Track B Award, no fees will be incurred by any Track B members.

this projection, the Claims Administrator expects to submit its Preliminary Final Accounting by July 26. And, based on this timetable, Lead Class Counsel expect to file the Motion for Approval for Distribution of Funds pursuant to Section IV.H of the Settlement Agreement by no later than July 31.

Respectfully submitted,

/s/ Henry Sanders
Henry Sanders
CHESTNUT, SANDERS, SANDERS, PETTAWAY & CAMPBELL, L.L.C.
One Union Street
Selma, AL 36701
Tel: (334) 875-9264
Fax: (334) 875-9853

/s/ Andrew H. Marks
Andrew H. Marks
 D.C. Bar No. 932269
COFFEY BURLINGTON P.L.
2699 South Bayshore Drive
Miami, FL 33133
Tel: (305) 858-2900
Fax: (305) 858-5261

/s/ Gregorio A. Francis
Gregorio A. Francis
MORGAN & MORGAN, P.A.
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
Tel: (407) 420-1414

Dated: July 8, 2013

## CERTIFICATE OF SERVICE

I certify that on July 8, 2013, I served a copy of the above on all counsel of record by filing a copy via the ECF system.

/s/ Andrew H. Marks
Andrew H. Marks