UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

In re BLACK FARMERS DISCRIMINATION LITIGATION )
)
)
)
)
)        Misc. No. 08-mc-0511 (PLF)
)
This document relates to: )
)
ALL CASES )
)

### AFFIDAVIT OF NICOLE F.J. HAMANN

1. I, Nicole F.J. Hamann, am over 18 years of age and am competent to testify to the matters set forth herein.

2. I am a Senior Vice President of Epiq Class Action & Claims Solutions, Inc. ("Epiq"), which has been approved by the U.S. District Court for the District of Columbia to serve as the Claims Administrator to implement the Settlement Agreement in *In re Black Farmers Discrimination Litig.*, Case No. 08-mc-0511 ("BFDL"). *See* Order and Judgment, Docket No. 231 (Oct. 27, 2011) ("Final Approval Order") at ¶ 12.

3. In my capacity as a Senior Vice President for Epiq, I am responsible for and oversee Epiq's work as Claims Administrator in implementing the Settlement Agreement in BFDL.

4. Epiq has also served, and continues to serve, as the Facilitator under the Consent Decree in *Pigford v. Glickman*, Case No. 97-cv-1978.

5. Pursuant to the Settlement Agreement in BFDL, Epiq is responsible, as Claims Administrator, for determining whether each Claimant is a member of the Class. The Class is defined as:

All individuals (1) who submitted late-filing requests under Section 5(g) of the *Pigford v. Glickman* Consent Decree on or after October 13, 1999, and on or before June 18, 2008; but (2) who have not obtained a determination on the merits of their discrimination complaints, as defined by Section 1(h) of the Consent Decree.

*See* Final Approval Order at ¶ 1; *see also* Settlement Agreement, Section III.A.

6. Pursuant to Section V.B.4. of the Settlement Agreement, Epiq is required to determine for each Claimant whether he/she "has established, by a preponderance of the evidence" that:

> The Claimant has not obtained a determination on the merits of his or her discrimination complaint, as defined by Section 1(h) of the *Pigford* Consent Decree. For purposes of this determination, the Claims Administrator shall review the *Pigford* Participants List and the *Pigford* Opt-Out List. If a Claimant (a) appears on either of these Lists, or (b) has obtained a judgment from a judicial or administrative forum on the basis of the race discrimination claim that provides the basis of the Claimant's discrimination complaint, that Claimant will be deemed to have obtained a determination on the merits of his or her discrimination claim. If the Claims Administrator determines, at any time prior to paying a Claimant under this Agreement, that the Claimant already has obtained a determination on the merits of his or her discrimination complaint, the Claims Administrator shall not make any payments to the Claimant.

*See* Settlement Agreement, Section V.B.4.

7. In accordance with its responsibilities as Claims Administrator, Epiq to date has determined that 569 Claimants who submitted a Claim Form in BFDL had received a "determination on the merits of their discrimination claim" and, as a result, were not Class Members.

8. These 569 Claimants fall into the following subgroups:

| | |
|---|---|
| *Pigford* Claimants who submitted timely and complete claims in *Pigford* and either received an Adjudication decision, an Arbitration decision, or were denied for eligibility | 98 |
| *Pigford* Claimants who filed a timely but incomplete *Pigford* claim, and who did not remedy deficiencies and who also filed a late claim affidavit | 461 |
| *Pigford* opt outs | 2 |
| *Pigford* Late Filers whose Late-Filing Request was approved but who failed to file a timely claim | 8 |

9. Individuals who submitted timely, but incomplete claims in *Pigford*, and who had their claims rejected by the *Pigford* Facilitator on completeness grounds, would be deemed to have received a "determination on the merits" of their claims and therefore would not be eligible for an award under the BFDL Settlement. This is because these Claimants did have an opportunity to participate in *Pigford*, even though they were not able to obtain an award in *Pigford*, because their claims were determined to be incomplete. These individuals were given time to complete their claim forms but failed to do so within the time allotted.

10. This explanation of a "determination on the merits" is reflected in the Long Form Notice that was part of the Notice Program approved by the Court. *See* Order Granting Preliminary Approval of Settlement Agreement, Certifying a Rule 23(b)(1)(b) Settlement Class, And For Other Purposes, Docket No. 175 (May 12, 2011) at ¶¶ 16-19; *see also* Plaintiff's Motion for Preliminary Approval of Settlement, Certification of a Rule 23(b)(1)(B) Settlement Class, and for Other Purposes, Docket No. 161 (March 30, 2011) at Exhibit 5, Attachment 3, Appx. NP-5.

11. Section 8 of the Long Form Notice specifically states:

**8. How do I know if I already received a determination on the merits of my *Pigford* claim?**

Only a Late Filer or Late-Late Filer who has *not* previously received a determination on the merits of his or her *Pigford* claim is a Class Member. You received a determination on the merits if:
   1) Your *Pigford* claim was approved or denied,
   2) Your *Pigford* claim was determined to be defective by the *Pigford* Facilitator, **or**
   3) Your Pigford Late-Filing Request was approved and you then failed to file a claim on time.

12. The Long Form Notice is available on the Settlement website at www.blackfarmercase.com.

13. For each Claimant who Epiq determines is not a Class Member, Epiq is required to "complete a You Are Not a Class Member Form (Ex. H) and send the Form to the Claimant and his or her counsel." *See* Settlement Agreement, Section V.B.5.

14. In accordance with its responsibilities under the Settlement Agreement, Epiq notified these 569 Claimants during the claims administration that they were not Class Members eligible to participate in the Settlement because they had received a determination on the merits of their discrimination claim through their participation in *Pigford*. These letters were mailed in six different batches, the earliest of which was dated August 3, 2012 and the last of which was dated July 17, 2013.

I affirm that the foregoing is true and correct.

_____
Nicole F.J. Hamann

Sworn to and subscribed before me on this
5th day of August 2013.

_____
Notary Public

OFFICIAL SEAL
ROBERT B OSEAS
NOTARY PUBLIC-OREGON
COMMISSION NO. 460732
MY COMMISSION EXPIRES AUG. 12, 2015