**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| In re BLACK FARMERS DISCRIMINATION LITIGATION  )<br>)<br>)<br>)<br>)<br>)<br>This document relates to:  )<br>)<br>ALL CASES  )<br>) | Misc. No. 08-mc-0511 (PLF) |

**UNOPPOSED MOTION TO MODIFY FINAL ORDER AND JUDGMENT
AND MEMORANDUM IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 60(b), Plaintiffs hereby move this Court to further modify the final Order and Judgment (Docket No. 231) (hereinafter "Settlement Order") approving the Settlement Agreement entered between the parties (Docket No. 170, Ex. 2) in accordance with the attached Proposed Order.  The Settlement Order previously was modified on September 14, 2012 to allow certain limited groups of claimants to file claims and/or rectify previously-filed incomplete claims after the May 11, 2012 Claim Deadline (Docket No. 304), and again on February 14, 2013 to allow a then-recently identified, and limited in number, group of individuals to refile their claims on behalf of the proper claimant (Docket No. 346).

Plaintiffs now seek a further modification of the Settlement Order for two limited purposes:  (1) to modify the "claim determination" letters, which notify claimants of the results of the adjudication of their claims, and (2) to authorize the use of up to $200,000 of the Settlement Funds for the payment of reasonable costs incurred by the Track A and Track B Neutrals in connection with future work related to the implementation of the Settlement Agreement.

Specifically, Plaintiffs seek to substitute new Exhibits A and B to the February 18, 2010 Settlement Agreement, as revised and executed on May 13, 2011, for those currently appended to the Settlement Agreement.  This modification is necessary to ensure a more informative communication with claimants regarding the determinations of their claims and the amounts awarded, and one tailored to their particular circumstances.  At the time that Exhibits A and B were drafted and presented to this Court, the Parties had not begun to implement the claims adjudication process and could not have foreseen the extent of the variation among claim submissions, the resulting complexity of the claims adjudication under the standards set forth in the Settlement Agreement, and, therefore, the need to communicate to claimants information different from that originally anticipated regarding the adjudication of their claims.  In recognition of these developments, the Claims Administrator and Class Counsel have undertaken to:

- propose clarifying changes to the Track A and Track B Claim Determination Letters, currently Exhibits A and B to the Settlement Agreement, respectively, which would streamline and also tailor the communication to the particular circumstance of the claim;
- develop new Track A Approval Determination Letters to notify claimants of approval where multiple claims were filed on behalf of the same Estate and no Legal Representative had been appointed, or where multiple claimants had filed separate claims for a single farming operation (which, under the terms of the Settlement Agreement, are limited to *one* Track A Award); and
- draft inserts to accompany the Claim Determination Letters that, *inter alia,* would (a) explain the requirement of a Legal Representative for prevailing Estates or

Incapacitated Claimants before the Claims Administrator may send an Award check, and the types of documentation required by the Claims Administrator to establish that a Legal Representative has been appointed or designated; and (b) explain to prevailing claimants the mechanics of Tax Payments and Loan Payments by the Claims Administrator on the claimant's behalf to the Internal Revenue Service ("IRS") and the USDA's Farm Services Agency ("USDA/FSA"), respectively.

As set forth more fully below, Class Counsel believe that these proposed modifications will assist the Claims Administrator in communicating more detailed and useful information to claimants reflecting the results of the adjudication of their particular claims – some of which the Parties could not have anticipated back when they negotiated the Settlement Agreement (because the patterns of claim submissions, and resulting claims adjudications, were not yet known).

With respect to the use of a limited amount of the Settlement Funds to compensate the Track A and Track B Neutrals for settlement-related work they may perform following the Preliminary Final Accounting, Class Counsel believe that the Neutrals should receive reasonable compensation if such future settlement-related work is required.  The Settlement Agreement currently provides for compensation to the Claims Administrator and the Ombudsman for settlement implementation work following the Preliminary Final Accounting (Settlement Agreement § V.E.7) but is silent with respect to comparable compensation for the Neutrals.  The revisions to Section V.E of the Settlement Agreement proposed herein would address this issue.

Pursuant to Local Rule 7(m), Class Counsel have conferred with counsel for the Defendant and Defendant does not oppose this Motion.

## I. PROPOSED MODIFICATIONS TO EXHIBITS A AND B

The specific modifications to Exhibits A and B to the Settlement Agreement proposed by Class Counsel are as follows:

A. **Exhibit A**

Exhibit A to the Settlement Agreement currently is a "Track A Claim Determination Form" and, as drafted, would be used to notify Track A claimants both of approvals and denials of their claims, and, for those with approved claims, would accompany a Track A Award check. The Form also includes brief explanations of payments made to the IRS and to USDA/FSA for approved claims, and provides an accounting as to the amounts paid, and the claimant's total Track A Award.

By comparison, the proposed revised Exhibit A would be sent *only* to claimants whose claims were approved.[1]  *See* proposed Exh. A.  The revised form also would include information about the loans approved for debt relief and a caution that the Loan Award payment may not satisfy the entire amount of outstanding USDA loans, notification that the names of co-claimants and any privately-retained counsel will be printed on the Award check[2] and that Award checks payable to Estates or Incapacitated Claimants will be released only to the authorized Legal Representative, and more detailed information regarding the Tax Award and Loan Award and the potential impact of failing to pay any outstanding debt remaining on USDA loans.  The

---

[1]   An Exhibit A.7 ("Track A Claim Denial") is proposed as a separate Claim Determination Letter to communicate to unsuccessful Track A claimants the denial of their claim, the reason(s) therefore, and the potential impact of the denial on the claimant's outstanding USDA loan obligations.

[2]   The proposed revised Determination Letter also notifies the claimant that if he or she retained private counsel to submit the claim on his or her behalf the Award check would be sent to that attorney, and further reminds the claimant that the Settlement Agreement limits the fee that the attorney may charge to two percent of the Total Track A Award (which amount would be listed on the "Check Stub," *see* proposed Exh. A.6).

proposed Track A Approval Letter advises the claimant that the check will be mailed within 45 days of the Approval Letter.[3]

Variations on this letter, specific to the circumstances, are proposed for situations where multiple Track A claims were filed on behalf of the same Estate and the Estate's claim was approved (*see* proposed Exh. A.1 – "Track A Approval for Competing Heirs"), or where multiple claimants were determined to have filed separate claims but all such claims involved the same farming operation, and a claim for that farming operation was approved (*see* proposed Exh. A.2 – "Track A Approval for a Single Farming Operation").  In each case, issues specific to the particular circumstances of that category of claim are addressed, *e.g.*, "competing heirs" are advised that the Award check will be made payable to the Estate and that they have one year from the date of the Track A Approval Letter to identify to the Claims Administrator a court-appointed Legal Representative; while multiple claimants for a single farming operation are advised that the Settlement Agreement prohibits more than one award for a single farming operation, and notes that the award is to be shared equally among the members of the single farming operation (whose names are listed).

The inserts that Class Counsel propose to have the Claims Administrator include in the mailing of the Track A Claim Determination Letters for approved claims are:

---

[3]   Section V.E.8.a of the Settlement Agreement requires that both the Track A Claim Determination Letters and the Award checks be mailed within 30 calendar days of the Settlement Funds being deposited in the Designated Account for the benefit of the Class.  Because Class Counsel anticipate that the Track A Approval Letters will be mailed in advance of the receipt of funds into the Designated Account, mailing the Award check within 45 days of Track A Approval Letter should ensure compliance with Section V.E.8.a. of the Settlement Agreement.

- "Information Regarding Awards and Taxes" (proposed Exh. A.3), which explains that the award is taxable income, that a tax payment will be made by the Claims Administrator to the Internal Revenue Service on the claimant's behalf, that the Loan Award also will be paid directly to USDA on the claimant's behalf, and reiterates the two percent cap on attorneys' fees chargeable by privately-retained counsel;

- "Proof of Legal Representation" (proposed Exh. A.4), which explains the concept of "legal representative" for Estates and for Incapacitated Claimants, and identifies the documentation required by the Claims Administrator to release an Award check to a Legal Representative for an Estate or Incapacitated Claimant;

- "Notice to Claimant that Check was Sent to Attorney" (proposed Exh. A.5), which advises the claimant that the Claims Administrator has mailed the Award check, payable jointly to the claimant and the attorney, to the attorney, if an attorney had been privately retained by the claimant to submit the claim; and

- "Check Stub" (proposed Exh. A.6), which accompanies the Award check and identifies the components of the Total Track A Award to the claimant.

**B.   Exhibit B**

The current Track B Claim Determination Form (Exh. B to the Settlement Agreement), like its Track A counterpart, is drafted to notify claimants of both approvals and denials of claims, with both boxes designating the amount and explanation of a Track B Award, and the reasons for denial of the claim, to be completed as appropriate. As reported in the July 8, 2013 Status Report Regarding Projected Timeline for Completion of Claims Process (Docket No. 367), however, it is anticipated that no Track B claims will be approved. Class Counsel therefore believe that a streamlined form, *see* "Track B Denial" (proposed Exh. B), which simply

notifies the claimant that the claim was denied and indicates the reason therefore, would provide a more clear and efficient communication to the Track B claimants.

## II. PROPOSED MODIFICATIONS TO SECTION V.E

Class Counsel anticipate the possibility that the Track A and Track B Neutrals may be required to undertake certain work related to the implementation of the Settlement Agreement after the Preliminary Final Accounting has been filed with the Court pursuant to Section V.E.7 of the Settlement Agreement. While this section of the Settlement Agreement contemplates that both the Claims Administrator and Ombudsman will receive reasonable compensation for work related to implementation of the Settlement Agreement performed following the Preliminary Final Accounting, the Settlement Agreement is silent with respect to comparable compensation for the Neutrals. To address this situation and to permit payment of the Track A and B Neutrals in the event they are required to perform future settlement-related work, Class Counsel propose that Section V.E.7 of the Settlement Agreement be modified to include the language and renumbering reflected in italics as follows:

> **Section V.E.7:** "Within thirty (30) calendar days of receipt of all Track A and Track B Claim Determination Forms (Exs. A and B), the Claims Administrator shall prepare the Preliminary Final Accounting and submit it to Lead Class Counsel, the Secretary and the Court. The Preliminary Final Accounting shall identify: (1) the number and amount of all Final Track A Liquidated Awards, Final Track A Loan Awards, Final Track A Tax Awards, and Final Track B Awards (shown in Part III of the completed Track A and Track B Determination Forms); (2) the Implementation Costs incurred to date; (3) a good faith estimate of Implementation Costs necessary for the Claims Administrator to perform its final duties under this Agreement; (4) *Implementation Costs necessary for the Track A and Track B Neutrals to perform their final duties under this Agreement (but not to exceed $200,000); (5)* the Ombudsman Costs incurred to date; (*6*) a good faith estimate of Ombudsman Costs necessary for the Ombudsman to perform its final duties under this Agreement; (*7*) the amount of the Fee Award; (*8*) the sum of Track B Fees incurred by Track B Class Members, and (*9*) the amounts that the Secretary already has paid for interim Implementation Costs, interim Common Benefit Fees, and Ombudsman Costs, and the status of these funds.

With respect to payment for the performance of final duties under this Agreement by the Track A and Track B Neutrals, Class Counsel further propose that the Track A and Track B Neutrals shall be paid out of the funds appropriated by Congress for the purpose of this Settlement Agreement. Within 12 months after the Court enters an Order approving the Distribution of Funds pursuant to Section IV.H of the Settlement Agreement, the Track A and Track B Neutrals shall submit a final invoice to the Court for approval. Copies of the final invoice shall be made available to the USDA and Class Counsel, who agree that the amount set forth in the final invoice shall be paid by the USDA so long as that amount does not exceed $200,000. The parties agree that, if the amount on the final invoice exceeds $200,000, the amount over $200,000 shall not be borne by the USDA. Subject to the terms of this motion, upon receipt of the final invoice from the Track A and Track B Neutrals, the Court will enter an order approving the final invoice for payment.

Upon the Court's order approving the final invoice for the Track A and Track B Neutrals, and ordering payment of the final invoice for the Track A and Track B Neutrals, the USDA shall, within twenty (20) days of such order, provide the U.S. Department of Treasury with all necessary forms and documentation to direct payment to the Designated Account for the costs of the Track A and Track B Neutrals to perform their final duties under the Agreement in the amount approved by the Court. Accordingly, Class Counsel propose that Section V.E.13 of the Settlement Agreement be renumbered as V.E.14 and that the following new Section V.E.13 be added:

> **(New) Section V.E.13**: "In the event the Court enters an Order pursuant to Section IV.H of the Settlement Agreement approving the distribution of funds pursuant to the Preliminary Final Accounting submitted by the Claims Administrator, the U.S. Department of the Agriculture shall set aside out of the 2010 Funds plus any remaining 2008 Funds the estimated $200,000 in funding authorized for the payment of the Track A and B Neutrals for the completion of their final duties under the Settlement Agreement

(as authorized by Section V.E.7(4) of the Settlement Agreement, as amended).  The U.S. Department of the Agriculture shall have no obligation to transfer this estimated $200,000 until the Track A and Track B Neutrals submit to the Court a final invoice setting forth their final Implementation Costs, which costs shall not exceed $200,000.  Any such invoice(s) by the Track A and Track B Neutrals shall be submitted to the Court, and copies provided to the Secretary and Class Counsel, within 12 months of the date of the Court's Order pursuant to Section IV.H of the Settlement Agreement approving the distribution of funds pursuant to the Preliminary Final Accounting submitted by the Claims Administrator.  Within twenty (20) days of the Court's Order approving the final invoice(s) for the Track A and Track B Neutrals, the U.S. Department of the Agriculture shall deposit the payment amount(s) set forth in the Track A and Track B Neutrals' final invoice(s) into the Designated Account.  The Parties agree that the Secretary shall pay the amount(s) set forth in the Track A and Track B Neutrals' final invoices up to a total of $200,000.

## **CONCLUSION**

For the foregoing reasons, Class Counsel respectfully request the Court to enter the attached Proposed Order, to: (1) substitute the proposed Exhibit A and its attachments, A.1 through A.7, for Exhibit A in the Settlement Agreement; (2) substitute proposed Exhibit B for Exhibit B in the Settlement Agreement; and (3) modify Section V.E.7 and add new Section V.E.13 of the Settlement Agreement as provided above.

Respectfully submitted,

/s/ Henry Sanders  
Henry Sanders  
CHESTNUT, SANDERS, SANDERS,  
PETTAWAY & CAMPBELL, LLC  
One Union Street  
Selma, AL  36701  
Tel:  (334) 875-9264  
Fax:  (334) 875-9853  

/s/ Andrew H. Marks  
Andrew H. Marks  
 D.C. Bar No. 932269  
COFFEY BURLINGTON P.L.  
2699 South Bayshore Drive  
Miami, FL 33133  
Tel:  (305) 858-2900  
Fax:  (305) 858-5261  

/s/ Gregorio A. Francis  
Gregorio A. Francis  
MORGAN & MORGAN, PA  
20 North Orange Avenue, #1600  
Orlando, FL  32801  
Tel:  (407) 420-1414

## CERTIFICATE OF SERVICE

I certify that on August 19, 2013, I served a copy of the above on all counsel of record by filing a copy via the ECF system.

       /s/ Andrew H. Marks
       Andrew H. Marks

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re BLACK FARMERS DISCRIMINATION LITIGATION <br><br> This document relates to: <br><br> ALL CASES | ) ) ) ) ) ) Misc. No. 08-mc-0511 (PLF) ) ) ) ) ) |

## [PROPOSED] ORDER

Upon consideration of the Consent Motion to Amend Final Order and Judgment, and the entire record herein, it is hereby

ORDERED that the Order and Judgment (Docket. No. 231) entered by this Court on October 27, 2011, as amended by the Orders entered on September 14, 2012 (Docket No. 304) and on February 14, 2013 (Docket No. 346), be and hereby is amended as follows:

31.     In place of Exhibit A to the Settlement Agreement, the attached Exhibit A and the variations on Claim Determination Letters used to communicate claim determinations to Track A claimants in Exhibits A.1, A.2, A.3, A.4 A.5, A.6, and A.7 shall be inserted as Exhibits to the Settlement Agreement;

32.     In place of Exhibit B to the Settlement Agreement, the attached Exhibit B shall be inserted as Exhibit B to the Settlement Agreement.

33,     Section V.E.7 of the Settlement Agreement is modified to read as follows:

"Within thirty (30) calendar days of receipt of all Track A and Track B Claim Determination Forms (Exs. A and B), the Claims Administrator shall prepare the Preliminary Final Accounting and submit it to Lead Class Counsel, the Secretary and the Court.  The Preliminary Final Accounting shall identify: (1) the number and amount of all Final Track A Liquidated Awards, Final Track A Loan Awards, Final Track A Tax

Awards, and Final Track B Awards (shown in Part III of the completed Track A and Track B Determination Forms); (2) the Implementation Costs incurred to date; (3) a good faith estimate of Implementation Costs necessary for the Claims Administrator to perform its final duties under this Agreement; (4) Implementation Costs necessary for the Track A and Track B Neutrals to perform their final duties under this Agreement (but not to exceed $200,000); (5) the Ombudsman Costs incurred to date; (6) a good faith estimate of Ombudsman Costs necessary for the Ombudsman to perform its final duties under this Agreement; (7) the amount of the Fee Award; (8) the sum of Track B Fees incurred by Track B Class Members, and (9) the amounts that the Secretary already has paid for interim Implementation Costs, interim Common Benefit Fees, and Ombudsman Costs, and the status of these funds.

34. Section V.E.13 of the Settlement Agreement shall be renumbered as V.E.14 and the following new Section V.E.13 is hereby added:

"In the event the Court enters an Order pursuant to Section IV.H of the Settlement Agreement approving the distribution of funds pursuant to the Preliminary Final Accounting submitted by the Claims Administrator, the U.S. Department of the Agriculture shall set aside out of the 2010 Funds plus any remaining 2008 Funds the estimated $200,000 in funding authorized for the payment of the Track A and B Neutrals for the completion of their final duties under the Settlement Agreement (as authorized by Section V.E.7(4) of the Settlement Agreement, as amended). The U.S. Department of the Agriculture shall have no obligation to transfer this estimated $200,000 until the Track A and Track B Neutrals submit to the Court a final invoice setting forth their final Implementation Costs, which costs shall not exceed $200,000. Any such invoice(s) by the Track A and Track B Neutrals shall be submitted to the Court, and copies provided to the Secretary and Class Counsel, within 12 months of the date of the Court's Order pursuant to Section IV.H of the Settlement Agreement approving the distribution of funds pursuant to the Preliminary Final Accounting submitted by the Claims Administrator. Within twenty (20) days of the Court's Order approving the final invoice(s) for the Track A and Track B Neutrals, the U.S. Department of the Agriculture shall deposit the payment amount(s) set forth in the Track A and Track B Neutrals' final invoice(s) into the Designated Account. The Parties agree that the Secretary shall pay the amount(s) set forth in the Track A and Track B Neutrals' final invoices up to a total of $200,000."

In all other respects, the Order and Judgment as previously entered and modified by the court shall remain in full force and effect.

SO ORDERED.

_____<br>
PAUL L. FRIEDMAN<br>
United States District Judge

Date: _____