UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re BLACK FARMERS DISCRIMINATION LITIGATION <br><br> This document relates to: <br><br> ALL CASES | Misc. No. 08-mc-0511 (PLF) |

**MOTION TO FURTHER MODIFY FINAL ORDER
AND JUDGMENT AND MEMORANDUM IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 60(b), Plaintiffs hereby move this Court to further modify the final Order and Judgment (Docket No. 231) (hereinafter "Settlement Order") approving the Settlement Agreement entered between the parties (Docket No. 170, Ex. 2) in accordance with the attached Proposed Order.

In the course of implementing the Settlement Agreement approved by the Court, Lead Class Counsel have identified certain limited revisions and/or additions that, as a matter of fairness and equity, should be made to the Settlement Agreement. Lead Class Counsel therefore respectfully move the Court to approve the limited amendments to the Settlement Agreement described below.[1]

1.  Lead Class Counsel propose a modification of Section V.E.13 of the Settlement Agreement to (a) provide for cy pres funding for a taxpayer assistance program for the benefit of Class Members who have received an award under the Settlement Agreement, and (b) to clarify

---

[1] Pursuant to Local Rule 7(m), Lead Class Counsel have conferred with counsel for Defendant, and hereby represent that the Defendant takes no position on this Motion.

the eligibility criteria for potential cy pres beneficiaries. This proposed revision would not change the process of determining the existence or the amount of the cy pres fund. The revised Section V.E.13 language proposed by Lead Class Counsel (with new language in italics) is as follows:

> In the event there is a balance remaining in the Designated Account after the last check has been cashed, the last check has been invalidated due to passage of time, and after the passage of time set forth in Section V.E.12, Class Counsel may then move the Court to designate "Cy Pres Beneficiaries" *and propose an allocation of the available cy pres funds among such proposed Cy Pres Beneficiaries.* A Cy Pres Beneficiary must be *either (a) a law school that has a low-income taxpayer clinic or program that provides tax advice or assistance to Class Members who have received an award under the Settlement Agreement and that has been approved by the Court or (b) a tax-exempt* non-profit organization, other than a law firm, legal services entity, or educational institution, that *is providing* agricultural, business assistance, or advocacy services, including assistance under Pigford and the Consolidated Case, to African American farmers. *If a Subparagraph (a) Cy Pres Beneficiary is approved by the Court, then the Court shall determine the reasonable payment to be made to such Beneficiary from any balance in the Designated Account. Following any payment to a Subparagraph (a) Beneficiary, the Court shall designate the Subparagraph (b) Cy Pres Beneficiaries and determine how much of the available cy pres funds each such beneficiary shall receive.* The Claims Administrator shall send to each Cy Pres Beneficiary, via first class mail, postage prepaid, a check in the amount of the Beneficiary's share.

2.      Sections V.E.8.a and V.E.8.b of the Settlement Agreement require that a check for a Track A Liquidated Award be "payable to the Class Member" and a Track A Tax Award be sent to the IRS on behalf of the Class Member. It has come to the attention of Lead Class Counsel that in the case of certain estate claims approved by the Neutral, the manner in which the estate, claimant, and/or co-claimant were identified on the claim form resulted in checks being issued in a manner that prevents the check from being negotiated. In order to permit such checks to be negotiated, Lead Class Counsel propose the addition of a new Subparagraph 12a to Section V.E of the Settlement Agreement, which shall state as follows:

> *In the event a check to a successful claimant who is deceased is issued in a manner that prevents the check from being negotiated, the legal representative of the estate may request, and the Claims Administrator may reissue, a check in a form that enables the*

2

*legal representative to negotiate the check. In these situations, the Claims Administrator will transmit the Track A Tax Award to the IRS in a like manner as the check was issued.*

*In addition, in the event that a check is issued jointly to co-claimants, and one or more of the co-claimants is an estate that does not at the time the check is issued have a legal representative, the other co-claimants may request, and the Claims Administrator may reissue, multiple pro rata checks to the co-claimants so that the non-estate co-claimants are able to obtain their share of the award without awaiting the appointment of a legal representative for the estate co-claimants. In such situations, the Claims Administrator shall transmit the non-estate co-claimant's pro rata share of the Track A Tax Award to the IRS for the benefit of such co-claimant.*

3.   Sections V.A.3 and V.E.12 of the Settlement Agreement require the appointment of a legal representative for a prevailing estate claimant before the Claims Administrator may issue a Track A Liquidated Award to the estate. It has come to the attention of Lead Class Counsel that in some states, the appointment of a legal representative of an estate is not required for the heirs of the estate to receive funds owed to the estate if the total of the funds falls below a certain level or an estate is not permitted to be opened due to the passage of time since the claimant died. In order to permit Track A Liquidated Awards to be distributed consistent with the laws in such states, Lead Class Counsel propose the addition of a new Subparagraph 12b to Section V.E of the Settlement Agreement, which shall state as follows:

> *Notwithstanding any other provision of the Settlement Agreement, in the event a deceased Class Member prevails, but no legal representative has been appointed for the estate of such Class Member, the Claims Administrator may distribute the Track A Liquidated Award directly to the heirs of the deceased claimant provided that the Claims Administrator receives documentation that supports the distribution of such estate funds pursuant to applicable state law. In the event of such a direct distribution to heirs of an estate, the Claims Administrator will transmit to the IRS for the account of each recipient a pro rata share of the Track A Tax Award for the estate.*

4.   It has also come to the attention of Lead Class Counsel that in the case of at least one timely claim that was deemed untimely by the Claims Administrator, the determination of untimeliness by the Claims Administrator was the result of an error by the U.S. Postal Service.

3

In order to permit such timely claims to be reviewed by the Neutral, Lead Class Counsel propose the addition of the following sentence to the end of Section V.B.3 of the Settlement Agreement:

> *Notwithstanding the foregoing, if within 180 days of the Court's approval of the distribution of funds, the Claims Administrator concludes that a determination of untimeliness that was previously made with respect to a claim was the result of an error by the U.S. Postal Service such that the Claims Administrator would have found the claim to be timely but for the error by the U.S. Postal Service, the Claims Administrator may revise its determination of untimeliness, make a determination of class membership pursuant to Section V.B.4 of the Settlement Agreement, and if a Class Member, forward such claim to the Neutral for adjudication pursuant to Section V.B.6 of the Settlement Agreement.*

5. With respect to a handful of claimants whose claims were approved by the Neutral and who were sent Claim Determination Forms pursuant to Section V.E of the Settlement Agreement, information has been transmitted to the Ombudsman raising a claim of potential fraud by the claimant. Because of the importance of ensuring the integrity of the claims process, Lead Class Counsel propose the addition of the following Subsection VI.D of the Settlement Agreement:

> *Notwithstanding any other provision of the Settlement Agreement, in the event that the Ombudsman receives information or an allegation regarding potential fraud relating to a claim that has not yet been paid by the Claims Administrator, the Ombudsman shall transmit such information to the Track B Neutral. The Track B Neutral shall within forty-five (45) days review the information submitted by such claimant as well as any additional information that has been provided to the Ombudsman. The Track B Neutral may also seek additional information from the claimant who is the subject of the information or allegation of fraud or from the person who has raised such issue or allegation. If the Track B Neutral concludes that the preponderance of the evidence demonstrates that the claim at issue is fraudulent, then the Track B Neutral shall overrule the prior adjudication of the claim and direct the Claims Administrator to transmit a denial letter to the claimant. If, however, the Track B Neutral concludes that the preponderance of the evidence fails to demonstrate that the claim at issue is fraudulent, then the Track B Neutral shall advise the Claims Administrator of this determination, and the Claims Administrator shall promptly transmit an award check to the claimant in accordance with Section V.E of the Settlement Agreement. The Track B Neutral shall notify the Ombudsman, the Court, and Lead Class Counsel of his determinations concerning each such claim he reviews. Notwithstanding the Track B Neutral's determination under this provision, the Government is not precluded from criminally*

4

*prosecuting individuals, and seeking restitution of funds, in connection with its own investigations.*

Accordingly, for the reasons set forth herein, Plaintiffs respectfully request the Court to enter the attached proposed order modifying the Settlement Order.

Respectfully submitted,

| | |
|---|---|
| /s/ Henry Sanders<br>Henry Sanders<br>CHESTNUT, SANDERS, SANDERS,<br>PETTAWAY & CAMPBELL, LLC<br>One Union Street<br>Selma, AL  36701<br>Tel:  (334) 875-9264<br>Fax:  (334) 875-9853 | /s/ Andrew H. Marks<br>Andrew H. Marks<br>  D.C. Bar No. 932269<br>COFFEY BURLINGTON P.L.<br>2699 South Bayshore Drive<br>Miami, FL 33133<br>Tel:  (305) 858-2900<br>Fax:  (305) 858-5261 |

/s/ Gregorio A. Francis
Gregorio A. Francis
MORGAN & MORGAN, PA
20 North Orange Avenue, #1600
Orlando, FL  32801
Tel: (407) 420-1414

Dated:  April 3, 2014

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re BLACK FARMERS DISCRIMINATION LITIGATION<br><br>This document relates to:<br><br>ALL CASES | ) ) ) ) ) ) ) ) ) ) ) Misc. No. 08-mc-0511 (PLF) |

## [PROPOSED] ORDER

Upon consideration of Plaintiffs' Motion to Further Modify Final Order and Judgment and Memorandum in Support, and the entire record herein, it is hereby

ORDERED that the Order and Judgment entered by the Court on October 27, 2011 (Docket No. 231), as amended by the Settlement Orders entered by this Court on September 14, 2012 (Docket No. 304) and February 14, 2013 (Docket No. 346), be and hereby is further amended by revising Section V.B.3 and V.E.13 of the Settlement Agreement to include the italicized language set forth below:

Section V.B.3:

For each Claimant whose claim is untimely submitted, the Claims Administrator shall return the Claim Package to the Claimant and his or her Counsel with a completed You Have Not Submitted Your Claim On Time Form (Ex. G).  This determination is final and not reviewable by the Claims Administrator, the Track A Neutral, the Court, or any other party or body, judicial or otherwise.  *Notwithstanding the foregoing, if within 180 days of the Court's approval of the distribution of funds, the Claims Administrator concludes that a determination of untimeliness that was previously made with respect to a claim was the result of an error by the U.S. Postal Service such that the Claims Administrator would have found the claim to be timely but for the error by the U.S. Postal Service, the Claims Administrator may revise its determination of untimeliness, make a determination of class membership pursuant to Section V.B.4 of the Settlement Agreement, and if a Class Member, forward such claim to the Neutral for adjudication pursuant to Section V.B.6 of the Settlement Agreement.*

Section V.E.13:

In the event there is a balance remaining in the Designated Account after the last check has been cashed, the last check has been invalidated due to passage of time, and after the passage of time set forth in Section V.E.12, Class Counsel may then move the Court to designate "Cy Pres Beneficiaries" *and propose an allocation of the available cy pres funds among such proposed Cy Pres Beneficiaries.* A Cy Pres Beneficiary must be *either (a) a law school that has a low-income taxpayer clinic or program that provides tax advice or assistance to Class Members who have received an award under the Settlement Agreement and that has been approved by the Court or (b) a tax-exempt* non-profit organization, other than a law firm, legal services entity, or educational institution, that *is providing* agricultural, business assistance, or advocacy services, including assistance under Pigford and the Consolidated Case, to African American farmers. *If a Subparagraph (a) Cy Pres Beneficiary is approved by the Court, then the Court shall determine the reasonable payment to be made to such Beneficiary from any balance in the Designated Account. Following any payment to a Subparagraph (a) Beneficiary, the Court shall designate the Subparagraph (b) Cy Pres Beneficiaries and determine how much of the available cy pres funds each such beneficiary shall receive.* The Claims Administrator shall send to each Cy Pres Beneficiary, via first class mail, postage prepaid, a check in the amount of the Beneficiary's share.

and by adding the following additional sections to the Settlement Agreement:

Section V.E.12a (new):

*In the event a check to a successful claimant who is deceased is issued in a manner that prevents the check from being negotiated, the legal representative of the estate may request, and the Claims Administrator may reissue, a check in a form that enables the legal representative to negotiate the check. In these situations, the Claims Administrator will transmit the Track A Tax Award to the IRS in a like manner as the check was issued.*

*In addition, in the event that a check is issued jointly to co-claimants, and one or more of the co-claimants is an estate that does not at the time the check is issued have a legal representative, the other co-claimants may request, and the Claims Administrator may reissue, multiple pro rata checks to the co-claimants so that the non-estate co-claimants are able to obtain their share of the award without awaiting the appointment of a legal representative for the estate co-claimants. In such situations, the Claims Administrator shall transmit the non-estate co-claimant's pro rata share of the Track A Tax Award to the IRS for the benefit of such co-claimant.*

Section V.E.12b (new):

*Notwithstanding any other provision of the Settlement Agreement, in the event a deceased Class Member prevails, but no legal representative has been appointed for the estate of such Class Member, the Claims Administrator may distribute the Track A Liquidated Award directly to the heirs of the deceased claimant provided that the Claims*

2

*Administrator receives documentation that supports the distribution of such estate funds pursuant to applicable state law. In the event of such a direct distribution to heirs of an estate, the Claims Administrator will transmit to the IRS for the account of each recipient a pro rata share of the Track A Tax Award for the estate.*

<u>Section VI.D (new)</u>:

*Notwithstanding any other provision of the Settlement Agreement, in the event that the Ombudsman receives information or an allegation regarding potential fraud relating to a claim that has not yet been paid by the Claims Administrator, the Ombudsman shall transmit such information to the Track B Neutral. The Track B Neutral shall within forty-five (45) days review the information submitted by such claimant as well as any additional information that has been provided to the Ombudsman. The Track B Neutral may also seek additional information from the claimant who is the subject of the information or allegation of fraud or from the person who has raised such issue or allegation. If the Track B Neutral concludes that the preponderance of the evidence demonstrates that the claim at issue is fraudulent, then the Track B Neutral shall overrule the prior adjudication of the claim and direct the Claims Administrator to transmit a denial letter to the claimant. If, however, the Track B Neutral concludes that the preponderance of the evidence fails to demonstrate that the claim at issue is fraudulent, then the Track B Neutral shall advise the Claims Administrator of this determination, and the Claims Administrator shall promptly transmit an award check to the claimant in accordance with Section V.E of the Settlement Agreement. The Track B Neutral shall notify the Ombudsman, the Court, and Lead Class Counsel of his determinations concerning each such claim he reviews. Notwithstanding the Track B Neutral's determination under this provision, the Government is not precluded from criminally prosecuting individuals, and seeking restitution of funds, in connection with its own investigations.*

In all other respects, the Order and Judgment as previously entered and modified by the Court shall remain in full force and effect.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

Date: April ___, 2014

3

## **CERTIFICATE OF SERVICE**

I certify that on April 3, 2014, I served a copy of the above on all counsel of record by filing a copy via the ECF system.

/s/ *Andrew H. Marks*
Andrew H. Marks