UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re BLACK FARMERS DISCRIMINATION LITIGATION )<br>)<br>)<br>)<br>)<br>)<br>This document relates to: )<br>)<br>ALL CASES )<br>) | Misc. No. 08-mc-0511 (PLF) |

[PROPOSED] ORDER

Upon consideration of Plaintiffs' Motion to Further Modify Final Order and Judgment and Memorandum in Support, and the entire record herein, it is hereby

ORDERED that the Order and Judgment entered by the Court on October 27, 2011 (Docket No. 231), as amended by the Settlement Orders entered by this Court on September 14, 2012 (Docket No. 304) and February 14, 2013 (Docket No. 346), be and hereby is further amended by revising Section V.B.3 and V.E.13 of the Settlement Agreement to include the italicized language set forth below:

Section V.B.3:

For each Claimant whose claim is untimely submitted, the Claims Administrator shall return the Claim Package to the Claimant and his or her Counsel with a completed You Have Not Submitted Your Claim On Time Form (Ex. G). This determination is final and not reviewable by the Claims Administrator, the Track A Neutral, the Court, or any other party or body, judicial or otherwise. *Notwithstanding the foregoing, if within 180 days of the Court's approval of the distribution of funds, the Claims Administrator concludes that a determination of untimeliness that was previously made with respect to a claim was the result of an error by the U.S. Postal Service such that the Claims Administrator would have found the claim to be timely but for the error by the U.S. Postal Service, the Claims Administrator may revise its determination of untimeliness, make a determination of class membership pursuant to Section V.B.4 of the Settlement Agreement, and if a Class Member, forward such claim to the Neutral for adjudication pursuant to Section V.B.6 of the Settlement Agreement.*

Section V.E.13:

In the event there is a balance remaining in the Designated Account after the last check has been cashed, the last check has been invalidated due to passage of time, and after the passage of time set forth in Section V.E.12, Class Counsel may then move the Court to designate "Cy Pres Beneficiaries" *and propose an allocation of the available cy pres funds among such proposed Cy Pres Beneficiaries.* A Cy Pres Beneficiary must be *either (a) a law school that has a low-income taxpayer clinic or program that provides tax advice or assistance to Class Members who have received an award under the Settlement Agreement and that has been approved by the Court or (b) a tax-exempt* non-profit organization, other than a law firm, legal services entity, or educational institution, that *is providing* agricultural, business assistance, or advocacy services, including assistance under Pigford and the Consolidated Case, to African American farmers. *If a Subparagraph (a) Cy Pres Beneficiary is approved by the Court, then the Court shall determine the reasonable payment to be made to such Beneficiary from any balance in the Designated Account. Following any payment to a Subparagraph (a) Beneficiary, the Court shall designate the Subparagraph (b) Cy Pres Beneficiaries and determine how much of the available cy pres funds each such beneficiary shall receive.* The Claims Administrator shall send to each Cy Pres Beneficiary, via first class mail, postage prepaid, a check in the amount of the Beneficiary's share.

and by adding the following additional sections to the Settlement Agreement:

Section V.E.12a (new):

*In the event a check to a successful claimant who is deceased is issued in a manner that prevents the check from being negotiated, the legal representative of the estate may request, and the Claims Administrator may reissue, a check in a form that enables the legal representative to negotiate the check. In these situations, the Claims Administrator will transmit the Track A Tax Award to the IRS in a like manner as the check was issued.*

*In addition, in the event that a check is issued jointly to co-claimants, and one or more of the co-claimants is an estate that does not at the time the check is issued have a legal representative, the other co-claimants may request, and the Claims Administrator may reissue, multiple pro rata checks to the co-claimants so that the non-estate co-claimants are able to obtain their share of the award without awaiting the appointment of a legal representative for the estate co-claimants. In such situations, the Claims Administrator shall transmit the non-estate co-claimant's pro rata share of the Track A Tax Award to the IRS for the benefit of such co-claimant.*

Section V.E.12b (new):

*Notwithstanding any other provision of the Settlement Agreement, in the event a deceased Class Member prevails, but no legal representative has been appointed for the estate of such Class Member, the Claims Administrator may distribute the Track A Liquidated Award directly to the heirs of the deceased claimant provided that the Claims*

2

*Administrator receives documentation that supports the distribution of such estate funds pursuant to applicable state law. In the event of such a direct distribution to heirs of an estate, the Claims Administrator will transmit to the IRS for the account of each recipient a pro rata share of the Track A Tax Award for the estate.*

Section VI.D (new):

*Notwithstanding any other provision of the Settlement Agreement, in the event that the Ombudsman receives information or an allegation regarding potential fraud relating to a claim that has not yet been paid by the Claims Administrator, the Ombudsman shall transmit such information to the Track B Neutral. The Track B Neutral shall within forty-five (45) days review the information submitted by such claimant as well as any additional information that has been provided to the Ombudsman. The Track B Neutral may also seek additional information from the claimant who is the subject of the information or allegation of fraud or from the person who has raised such issue or allegation. If the Track B Neutral concludes that the preponderance of the evidence demonstrates that the claim at issue is fraudulent, then the Track B Neutral shall overrule the prior adjudication of the claim and direct the Claims Administrator to transmit a denial letter to the claimant. If, however, the Track B Neutral concludes that the preponderance of the evidence fails to demonstrate that the claim at issue is fraudulent, then the Track B Neutral shall advise the Claims Administrator of this determination, and the Claims Administrator shall promptly transmit an award check to the claimant in accordance with Section V.E of the Settlement Agreement. The Track B Neutral shall notify the Ombudsman, the Court, and Lead Class Counsel of his determinations concerning each such claim he reviews. Notwithstanding the Track B Neutral's determination under this provision, the Government is not precluded from criminally prosecuting individuals, and seeking restitution of funds, in connection with its own investigations.*

In all other respects, the Order and Judgment as previously entered and modified by the Court shall remain in full force and effect.

SO ORDERED.

/s/
_____
PAUL L. FRIEDMAN
United States District Judge

Date: April 7, 2014