UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| In re **BLACK FARMERS DISCRIMINATION LITIGATION**<br><br>This document relates to:<br><br>**ALL CASES** | )<br>)<br>)<br>)<br>)<br>)  **Misc. No. 08-mc-0511 (PLF)**<br>)<br>)<br>)<br>)<br>) |

**UNOPPOSED MOTION TO FURTHER MODIFY FINAL ORDER
AND JUDGMENT AND MEMORANDUM IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 60(b), Lead Class Counsel hereby move this Court to further modify the final Order and Judgment (Docket No. 231) (hereinafter "Settlement Order") approving the Settlement Agreement entered between the parties (Docket No. 170, Ex. 2) in accordance with the attached Proposed Order.[1] Specifically, as described more fully below, Lead Class Counsel propose a modification of Sections V.A.3, V.A.4, V.E.11, and V.E.12 of the Settlement Agreement.

First, Lead Class Counsel propose a modification of Sections V.A.3, V.A.4, and V.E.12 of the Settlement Agreement to extend the time by which a legal representative of a deceased Class Member or of a Class Member with a physical or mental limitation who has been determined to be entitled to an Award under the Settlement Agreement may submit documentation to the Claims Administrator demonstrating that he/she is authorized to receive the

---

[1] Pursuant to Local Rule 7(m), Lead Class Counsel have conferred with counsel for Defendant, and hereby represent that the Defendant's position on this motion is the same as that which is stated in Defendant's Response to Plaintiffs' Motion to Modify Final Order and Judgment filed on August 31, 2012. *See* Def's Resp. to Pls' Mot. to Modify Final Order & J. (Docket No.302).

disbursement of Settlement Funds on behalf of the deceased Class Member's estate or on behalf of the physically or mentally limited Class Member.  The reason for this Motion is that, unexpectedly, more than eleven (11) months after the Court's approval of the distribution of the Settlement Funds (Docket No. 380), there remain several hundred estate claims and a number of physically or mentally limited Class Members as to which the Claims Administrator has not yet received proof of the appointment of a legal representative to whom Settlement Funds may be distributed.

Section V.A.3 of the Settlement Agreement addresses claims submitted on behalf of deceased claimants.  In relevant part, it currently provides:

> In the case of a Claimant who is deceased, the legal representative of the Claimant's estate may submit a claim on the Claimant's behalf.  If there is no legal representative, any other individual who asserts a right to be the legal representative of the Claimant's estate may submit a claim on the Claimant's behalf. . . .  *If the Claimant prevails, and a legal representative for the Claimant's estate has not yet been appointed, the Claimant's award shall be held for up to one year in a separate account established by Class Counsel for the benefit of the estate until a legal representative to whom the funds may be disbursed is appointed.*  The Claims Administrator may extend this period upon receipt of proof that a probate petition is pending in the appropriate Court.

(Emphasis added.)

Section V.A.4 of the Settlement Agreement addresses claims submitted on behalf of claimants with physical or mental limitations.  In relevant part, it currently provides:

> In the case of a Claimant who is unable to submit a claim on his or her own behalf due to a physical or mental limitation, the Claimant's legal representative may submit a claim on the Claimant's behalf.  If there is no legal representative, any other individual who asserts a right to be the legal representative may submit a claim on the Claimant's behalf. . . .  *If the Claimant prevails, and a legal representative for the Claimant has not yet been appointed, the Claimant's award shall be held for up to one year in a separate account established by Class Counsel for the benefit of the Claimant until a legal representative to whom the funds may be disbursed is appointed.*  The Claims Administrator may extend this period upon receipt of proof that a petition for appointment of a legal representative for the Claimant is pending in the appropriate Court.

(Emphasis added.)

Section V.E.12 of the Settlement Agreement addresses the disbursement of settlement funds to the estates of deceased Class Members and to Class Members with physical or mental limitations. In relevant part, it currently provides:

> *If a Class Member who is deceased or was unable to submit a claim on his or her own behalf due to a physical or mental limitation prevails, and a legal representative has not yet been appointed for the Class Member, the funds payable to the Class Member shall be held for up to one year in a separate account established by Class Counsel for the benefit of the Class Member until a legal representative for the Class Member to whom the funds may be disbursed is appointed.* The Claims Administrator may extend this period upon receipt of proof that a petition for appointment of a legal representative for the Class Member is pending in the appropriate court.

(Emphasis added.)

These sections of the Settlement Agreement set a deadline of one year for the appointment of a legal representative of estate claimants and claimants with a physical or mental limitation, with a potential extension, subject to the discretion of the Claims Administrator, available to claimants who have demonstrated to the Claims Administrator that they have, prior to the expiration of the one-year period, filed a petition in the appropriate court for the appointment of a legal representative. The one-year period for most estate claimants and claimants with a physical or mental limitation has expired. Thus, unless the existing deadline in the Settlement Agreement is extended, it is likely that there will be hundreds of prevailing claimants who will not receive the settlement funds that they have been awarded.[2]

With the benefit of hindsight, it is now evident that the one-year period established by the Settlement Agreement for estate claimants and for claimants with a physical or mental limitation

---

[2] Under Section V.E.13 of the Settlement Agreement, any funds undisbursed "after the passage of time set forth in Section V.E.12" will become *cy pres* funds and will be subject to allocation to the types of non-profit organizations described in Section V.E.13.

to seek the appointment of a legal representative was insufficient for many claimants. It is important to have a firm date for the completion of the implementation of the Settlement Agreement. Lead Class Counsel respectfully submit, however, that it would not be in the interests of justice for hundreds of claimants to forfeit their right to collect settlement funds to which they are entitled merely because the time period that was thought to be adequate for seeking the appointment of a legal representative has proved to be insufficient.

To address this issue, Lead Class Counsel respectfully move the Court to extend until December 15, 2014 the deadline for prevailing estate claimants and prevailing claimants with a physical or mental limitation to submit proof that a petition for appointment of a legal representative for the Class Member is pending. At the same time, to ensure that the implementation of the Settlement Agreement will be completed in a reasonable time frame, Lead Class Counsel ask the Court to set March 31, 2015 as the final cut-off date for the submission by both estate claimants and claimants with a physical or mental limitation to the Claims Administrator of proof of the appointment of a legal representative to whom the settlement funds may be disbursed. Specifically, Lead Class Counsel move the Court to approve the following revisions to Sections V.A.3, V.A.4, and V.E.12 of the Settlement Agreement (with revised language in *italics*):

> V.A.3: In the case of a Claimant who is deceased, the legal representative of the Claimant's estate may submit a claim on the Claimant's behalf. If there is no legal representative, any other individual who asserts a right to be the legal representative of the Claimant's estate may submit a claim on the Claimant's behalf. . . . If the Claimant prevails, and a legal representative for the Claimant's estate has not yet been appointed, the Claimant's award shall be held *until December 15, 2014* in a separate account established by Class Counsel for the benefit of the estate until a legal representative to whom the funds may be disbursed is appointed. If the Claims Administrator *receives proof on or before December 15, 2014* that a probate petition is pending in the appropriate Court *or that other appropriate steps have been taken to obtain the appointment of a legal representative of the estate*, the Claims Administrator shall continue to hold such

4

*funds in the separate account until the earlier of (a) the date the Claims Administrator receives documentation that a legal representative to whom the funds may be disbursed is appointed for the estate or (b) March 31, 2015.*

<u>V.A.4</u>: In the case of a Claimant who is unable to submit a claim on his or her own behalf due to a physical or mental limitation, the Claimant's legal representative may submit a claim on the Claimant's behalf. If there is no legal representative, any other individual who asserts a right to be the legal representative may submit a claim on the Claimant's behalf. . . . If the Claimant prevails, and a legal representative for the Claimant has not yet been appointed, the Claimant's award shall be held *until December 15, 2014* in a separate account established by Class Counsel for the benefit of the estate until a legal representative to whom the funds may be disbursed is appointed. If the Claims Administrator *receives proof on or before December 15, 2014* that a petition for appointment of a legal representative for the Claimant is pending in the appropriate Court *or that other appropriate steps have been taken to obtain the appointment of a legal representative of the Claimant, the Claims Administrator shall continue to hold such funds in the separate account until the earlier of (a) the date the Claims Administrator receives documentation that a legal representative to whom the funds may be disbursed is appointed or (b) March 31, 2015.*

<u>V.E.12</u>: If a Class Member who is deceased or was unable to submit a claim on his or her own behalf due to a physical or mental limitation prevails, and a legal representative has not yet been appointed for the Class Member, the funds payable to the Class Member shall be held in a separate account established by Class Counsel for the benefit of the Class Member *until December 15, 2014; provided, however, that if the Claims Administrator receives proof on or before December 15, 2014 that a probate petition is pending in the appropriate Court or that other appropriate steps have been taken to obtain the appointment of a legal representative, the Claims Administrator shall continue to hold such funds in the separate account until the earlier of (a) the date the Claims Administrator receives documentation that a legal representative to whom the funds may be disbursed is appointed for the estate or (b) March 31, 2015. Any estate or physically or mentally limited claimants who have not submitted to the Claims Administrator proof of the appointment of an appropriate legal representative by March 31, 2015 shall forfeit the right to collect settlement funds under the Settlement Agreement.*

Second, Lead Class Counsel respectfully move the Court to modify Section V.E.11 of the Settlement Agreement. This section requires that the validity of checks sent to claimants be limited to 180 days. It has been the practice of the Claims Administrator to reissue initial settlement checks that were not negotiated within 180 days of issue. However, absent a

modification of the Settlement Agreement, the Claims Administrator does not intend to reissue a settlement check a second time if the first two settlement checks have not been negotiated. It appears that there are currently more than 250 checks that have not yet been negotiated by claimants. Lead Class Counsel believe that it is in the interests of justice to afford prevailing claimants some additional time to negotiate their settlement checks, provided that a firm deadline is set for the negotiating of all settlement checks. Such a deadline is necessary so that the implementation of the Settlement Agreement can be completed in a reasonable timeframe. Since the revisions to Sections V.A.3, V.A.4, and V.E.12 discussed above will enable the issuance of settlement checks after March 31, 2015, Lead Class Counsel propose that the Court impose a firm deadline of May 31, 2015 for the negotiation of all settlement checks. This deadline would ensure that the Claims Administrator would be able to determine the balance remaining in the Designated Account by June 30, 2015, and thereby enable Class Counsel by July 15, 2015 to move the Court, pursuant to Section V.E.13 of the Settlement Agreement, for the designation of Cy Pres Beneficiaries (as defined in Section V.E.13 of the Settlement Agreement). It is hoped that this timeline would enable the Court to designate the Cy Pres Beneficiaries by no later September 30, 2015 so that the Claims Administrator could make the distribution of funds to the Cy Pres Beneficiaries in calendar year 2015.

Accordingly, Lead Class Counsel move the Court to approve the following revisions to Section V.E.11 of the Settlement Agreement (with new language in italics):

> V.E.11: All checks distributed under this Section will be valid for 180 calendar days from the date of issue. *In its discretion, the Claims Administrator may reissue checks that have not been negotiated within 180 calendar days of issue. In no event will the Settlement Administrator issue any checks that will be valid after May 31, 2015. The funds corresponding to any check that has not been negotiated as of June 1, 2015* shall remain in the Designated Account if Appendix 1 Section I.A.3 applies . . . .

For the reasons set forth herein, Lead Class Counsel respectfully request the Court to enter the attached proposed order modifying the Settlement Order.

Respectfully submitted,

/s/ Henry Sanders
Henry Sanders
CHESTNUT, SANDERS, SANDERS, PETTAWAY & CAMPBELL, LLC
One Union Street
Selma, AL  36701
Tel:  (334) 875-9264
Fax:  (334) 875-9853

/s/ Andrew H. Marks
Andrew H. Marks
 D.C. Bar No. 932269
COFFEY BURLINGTON P.L.
2601 South Bayshore Drive
Miami, FL 33133
Tel:  (305) 858-2900
Fax:  (305) 858-5261

/s/ Gregorio A. Francis
Gregorio A. Francis
MORGAN & MORGAN, PA
20 North Orange Avenue, #1600
Orlando, FL  32801
Tel:  (407) 420-1414

Dated:  September 15, 2014

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| **In re BLACK FARMERS DISCRIMINATION LITIGATION**<br><br>**This document relates to:**<br><br>**ALL CASES** | )<br>)<br>)<br>)<br>)<br>)   **Misc. No. 08-mc-0511 (PLF)**<br>)<br>)<br>)<br>)<br>) |

**[PROPOSED] ORDER**

Upon consideration of Lead Class Counsel's Motion to Further Modify Final Order and Judgment and Memorandum in Support, and the entire record herein, it is hereby

ORDERED that the Order and Judgment entered by the Court on October 27, 2011 (Docket No. 231), as amended by the Settlement Orders entered by this Court on September 14, 2012 (Docket No. 304) and February 14, 2013 (Docket No. 346), be and hereby is further amended by revising Sections V.A.3, V.A.4, V.E.11, and and V.E.12 of the Settlement Agreement to include the italicized language set forth below:

Section V.A.3*:*

In the case of a Claimant who is deceased, the legal representative of the Claimant's estate may submit a claim on the Claimant's behalf. If there is no legal representative, any other individual who asserts a right to be the legal representative of the Claimant's estate may submit a claim on the Claimant's behalf. If there is no legal representative and more than one individual submits a claim on behalf of the Claimant, a Track A Neutral or Track B Neutral designated by the Claims Administrator shall decide which of the individuals is entitled to pursue the claim on the Claimant's behalf. If the Claimant prevails, and a legal representative for the Claimant's estate has not yet been appointed, the Claimant's award shall be held *until December 15, 2014* in a separate account established by Class Counsel for the benefit of the estate until a legal representative to whom the funds may be disbursed is appointed. If the Claims Administrator *receives proof on or before December 15, 2014* that a probate petition is pending in the appropriate Court *or that other appropriate steps have been taken to obtain the*

*appointment of a legal representative of the estate*, *the Claims Administrator shall continue to hold such funds in the separate account until the earlier of (a) the date the Claims Administrator receives documentation that a legal representative to whom the funds may be disbursed is appointed for the estate or (b) March 31, 2015.*

Section V.A.4:

In the case of a Claimant who is unable to submit a claim on his or her own behalf due to a physical or mental limitation, the Claimant's legal representative may submit a claim on the Claimant's behalf.  If there is no legal representative, any other individual who asserts a right to be the legal representative may submit a claim on the Claimant's behalf. . . .  If the Claimant prevails, and a legal representative for the Claimant has not yet been appointed, the Claimant's award shall be held *until December 15, 2014* in a separate account established by Class Counsel for the benefit of the estate until a legal representative to whom the funds may be disbursed is appointed.  If the Claims Administrator *receives proof on or before December 15, 2014* that a petition for appointment of a legal representative for the Claimant is pending in the appropriate Court *or that other appropriate steps have been taken to obtain the appointment of a legal representative of the Claimant*, *the Claims Administrator shall continue to hold such funds in the separate account until the earlier of (a) the date the Claims Administrator receives documentation that a legal representative to whom the funds may be disbursed is appointed or (b) March 31, 2015*.

Section V.E.11:

All checks distributed under this Section will be valid for 180 calendar days from the date of issue.  *In its discretion, the Claims Administrator may reissue checks that have not been negotiated within 180 calendar days of issue.  In no event will the Settlement Administrator issue any checks that will be valid after May 31, 2015.  The funds corresponding to any check that has not been negotiated as of June 1, 2015* shall remain in the Designated Account if Appendix 1 Section I.A.3 applies . . . .

Section V.E.12:

If a Class Member who is deceased or was unable to submit a claim on his or her own behalf due to a physical or mental limitation prevails, and a legal representative has not yet been appointed for the Class Member, the funds payable to the Class Member shall be held in a separate account established by Class Counsel for the benefit of the Class Member *until December 15, 2014*; *provided, however, that if the Claims Administrator receives proof on or before December 15, 2014 that a probate petition is pending in the appropriate Court or that other appropriate steps have been taken to obtain the appointment of a legal representative*, *the Claims Administrator shall continue to hold such funds in the separate account until the earlier of (a) the date the Claims*

2

*Administrator receives documentation that a legal representative to whom the funds may be disbursed is appointed for the estate or (b) March 31, 2015.  Any estate claimants re mentally or physically limited claimants who have not submitted to the Claims Administrator proof of the appointment of an appropriate legal representative by May 31, 2015 shall forfeit the right to collect settlement funds under the Settlement Agreement.*

In all other respects, the Order and Judgment as previously entered and modified by the Court shall remain in full force and effect.

SO ORDERED.

_____
PAUL L. FRIEDMAN
United States District Judge

Date:  September___, 2014

## CERTIFICATE OF SERVICE

I certify that on September 15, 2014, I served a copy of the above on all counsel of record by filing a copy via the ECF system.

/s/ *Andrew H. Marks*
Andrew H. Marks