UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
In re BLACK FARMERS DISCRIMINATION  )   Misc. No. 08-0511 (PLF)
LITIGATION                          )
                                    )
_____ )

MEMORANDUM OPINION AND ORDER

Section V.E.13 of the Settlement Agreement in this case, as amended by the Court on April 7, 2014, see Dkt. No. 405, provides for the distribution of unclaimed settlement funds to *cy pres* beneficiaries proposed by Class Counsel and approved by the Court. That provision states that such *cy pres* beneficiaries must be either:

> (a) a law school that has a low-income taxpayer clinic or program that provides tax advice or assistance to Class Members who have received an award under the Settlement Agreement and that has been approved by the Court, or

> (b) a tax-exempt non-profit organization, other than a law firm, legal services entity, or educational institution, that is providing agricultural, business assistance, or advocacy services, including assistance under Pigford and the Consolidated Case, to African American farmers.

The Court is aware of the decisions of various courts of appeals suggesting that unclaimed settlement funds ordinarily should not be distributed on a *cy pres* basis except when it is not feasible to make further distributions to class members. See In re BankAmerica Corp. Sec. Litig., 775 F.3d 1060, 1064 (8th Cir. 2015); Klier v. Elf Atochem North America, Inc., 658 F.3d 468, 475 (5th Cir. 2011). These decisions have relied in part on principles promulgated by the American Law Institute. See AMERICAN LAW INSTITUTE, PRINCIPLES OF THE LAW OF AGGREGATE LITIGATION § 3.07 (2010). The ALI principles now are being considered by the Advisory Committee on Civil Rules as a potential model for additions to Rule 23(e) of the

Federal Rules of Civil Procedure. <u>See</u> Rule 23 Subcommittee Report, *in* Agenda Book for Advisory Committee on Civil Rules, Washington, D.C., April 9-10, 2015, at 263-271.[1] The relevance of these evolving principles of law to cases involving existing settlement agreements that include *cy pres* provisions, like this case, recently has been considered by another judge of this Court. <u>See</u> <u>Keepseagle v. Vilsack</u>, Civil Action No. 99-3119 (EGS), 2015 WL 4510837 (D.D.C. July 24, 2015).

In view of these authorities, the Court believes that before Class Counsel begins the process contemplated by Section V.E.13 of the Settlement Agreement of identifying potential *cy pres* beneficiaries and proposing an allocation of unclaimed settlement funds, the Court should determine whether a *cy pres* distribution should be made in this action or whether, instead, some or all of the unclaimed settlement funds should be distributed to Class Members. To assist the Court in its consideration of this and related questions, the Court directs the parties to file briefs of not more than 30 pages addressing the following issues:

1. If the case law presumes that identifiable class members are entitled to the distribution of any excess funds, when feasible, why shouldn't the Court attempt to further that goal, which was of course the whole purpose of this litigation, rather than providing those funds to disinterested third parties?

2. Absent agreement of the parties, does the Court have the authority under the Settlement Agreement, Rule 60 of the Federal Rules of Civil Procedure, or otherwise, to

---

[1] The Agenda Book is available at the following weblink: http://www.uscourts.gov/rules-policies/archives/agenda-books/advisory-committee-rules-civil-procedure-april-2015. The draft minutes of the April 9-10 meeting of the Advisory Committee on Civil Rules also are available online. <u>See</u> Agenda Book for Committee on Rules of Practice and Procedure, Washington, D.C., May 28-29, 2015, at 231-63 (discussion of cy pres at pages 256-57), *available at* http://www.uscourts.gov/file/18038/download.

provide for the distribution of unclaimed settlement funds to Class Members rather than to *cy pres* beneficiaries?

3. Do any acts of Congress pertinent to this case, such as the Food, Conservation, and Energy Act of 2008 or the Claims Resolution Act of 2010, bear on whether it would be permissible or appropriate to provide for the distribution of unclaimed settlement funds to Class Members?

4. If the Court has the authority to act *sua sponte* to provide for the distribution of unclaimed settlement funds to Class Members, either through modification of the Settlement Agreement or through other means, what legal standard(s) should the Court apply in determining whether taking such action would be appropriate?

5. In the interests of transparency, should the Court schedule a public hearing inviting Class Members to offer their views regarding these issues?

The parties are not limited to these issues, and in their briefs may address other issues that they believe are germane to the Court's review of the *cy pres* provisions of the Settlement Agreement and its consideration of what course of action to take.

Accordingly, it is hereby

ORDERED that the parties shall submit memoranda addressing the issues outlined above on or before October 9, 2015.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE:  September 3, 2015                                United States District Judge