**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re BLACK FARMERS DISCRIMINATION LITIGATION | ) ) ) )      Misc. No. 08-0511 (PLF) |

**DEFENDANT'S OPPOSITION TO MOTION TO APPROVE DISTRIBUTION
OF REMAINING CY PRES FUNDS**

For the reasons set forth below, the government respectfully opposes Lead Class Counsel's Motion to Approve Distribution of Remaining Cy Pres Funds, ECF No. 531, which proposes to distribute the remaining approximately $8 million in *cy pres* funds to the Southern Farmers Financial Association (SFFA).

As a threshold matter, the Department of Justice generally opposes settlement payments to third-party, non-governmental organizations. *See, e.g.*, Memorandum from the Attorney General to All Department Employees, "Reinstating the Prohibition on Improper Third-Party Settlements" (Feb. 5, 2025), https://www.justice.gov/ag/media/1388536/dl?inline.

With respect to the specific facts of this case, the government objects to the pending proposal for *cy pres* distribution of the remaining settlement funds for the following reasons. Fundamentally, the SFFA is a new, unvetted organization lacking any experience or any demonstrated capacity to manage millions of dollars for the purposes contemplated. And yet the motion proposes to entrust SFFA with the entire remaining $8 million up front. Further, the motion contains little or no information about the composition, qualifications, or capacity of SFFA or its leadership, which raises questions about whether this would be a prudent, arms-length use of class settlement funds. Moreover, the Feasibility Assessment attached to Class Counsel's September 2021 status report, ECF No. 526, suggests that SFFA would be severely undercapitalized. *See* Black Farmer Financing Association Feasibility Assessment (Sept. 21, 2021), ECF No. 526-1 at 1

1

("An important caveat to this estimation is that the funding required to start this operation in year one is approximately seven times higher than the 'seed money' currently available for it ($8 million).").

And in the event that SFFA fails to perform its obligations adequately, the Fiscal Sponsorship Agreement between the SFFA and its "fiscal sponsor," the Federation of Southern Cooperatives Land Assistance Fund, Inc., provides as a contingency plan that the remaining funds, if any, that could be recovered from SFFA at that time would be returned to the Southern Cooperatives Land Assistance Fund for distribution to the 26 previously approved, Phase I *cy pres* beneficiaries. *See* Mot. to Approve Distribution of Remaining Cy Pres Funds at 5 n.7 & Exhibit C at 3 ¶¶ 5-7. But this begs the question why Class Counsel do not simply propose distributing the remaining $8 million in settlement funds among those 26 entities, which this Court already has vetted and approved to receive settlement funds, rather than their current proposal to distribute the funds to an unproven entity with no specific plan to raise the additional $47 million which the Feasibility Assessment found necessary for the organization to be viable. *See, e.g.*, ECF No. 526-1 at 2 ("Therefore, securing additional funding for approximately $47 million is critical for the viability of this institution.").

For the foregoing reasons, the government opposes Lead Class Counsel's pending proposal to allocate the remaining *cy pres* funds to SFFA through the Federation of Southern Cooperatives Land Assistance Fund.

2

Dated: May 4, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division


JOSEPH E. BORSON
Assistant Branch Director

/s/ *Amber Richer*
AMBER RICHER (CA Bar No. 253918)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Tel: (202) 514-3489
Email: amber.richer@usdoj.gov

*Counsel for Defendant*

3