UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re BLACK FARMERS DISCRIMINATION LITIGATION | ) ) ) ) | Misc. No. 08-0511 (PLF) |

MEMORANDUM OPINION AND ORDER
REGARDING MOTIONS HEARING

The Court has pending before it Class Counsel's Motion to Approve Distribution of Remaining Cy Pres Funds, in which Class Counsel recommends that the Court disburse the remaining money in the cy pres fund to the Federation of Southern Cooperatives Land Assistance Fund, Inc. ("the Federation") in its capacity as fiscal sponsor for the Southern Farmers Financial Association ("SFAA"). See Motion to Approve Distribution of Remaining Cy Pres Funds ("Mot.") [Dkt. No. 531] at 3. Movants John Boyd, Jr. and the National Black Farmers Association ("NBFA") filed an Opposition and Motion for Alternative Distribution ("Boyd Opp.") [Dkt. No. 534]. The government opposes both the distribution as proposed by Class Counsel and the alternative distribution proposed by Mr. Boyd and the NBFA. See Defendant's Opposition to Motion to Approve Distribution of Remaining Cy Pres Funds (Def. Opp.") [Dkt. No. 532]; Defendant's Response to Motion [Dkt. No. 537]. The Court will hear oral argument on Class Counsel's motion on October 6, 2026.

I. CY PRES BACKGROUND

As a result of the historic settlement in this case in 2011, approximately $1.1 billion has been disbursed to class members who had suffered from discriminatory practices of the U.S. government.[1] At this time, approximately $8,000,000 of the settlement money remains in a fund maintained by the original Claims Administrator, EPIQ Class Action and Claims Solutions, Inc. ("EPIQ"). This fund maintained by EPIQ is referred to as "the cy pres fund" – "cy pres" meaning "as close as possible." The money in the fund remains after "(1) all of the successful claimants have cashed their settlement checks or failed to cash their settlement checks within the time frame allowed by the Court, and (2) the partial distribution of cy pres funds approved by the Court on January 18, 2018 was completed." Mot. at 1. The Court will disburse this "left over" cy pres fund in a way that is "as close as possible" to the intent of the original settlement agreement. The Settlement Agreement [Dkt. No. 170-2] was approved by the Court's Order and Judgment entered on October 27, 2011. See Order and Judgment [Dkt. No. 231]. The Court subsequently approved revisions to Section V.E.13 of the Settlement Agreement (which was labelled V.E.12 in the original settlement agreement) by orders issued on August 27, 2013 [Dkt. No. 381], on April 7, 2014 [Dkt. No. 405], and on March 31, 2016 [Dkt. No. 457].

Section V.E.13 of the Settlement Agreement, as modified, states:

> In the event there is a balance remaining in the Designated Account after the last check has been cashed, the last check has been invalidated due to passage of time, and after the passage of time set forth in Section V.E.12, Class Counsel may then move the Court to designate "Cy Pres Beneficiaries" and propose an allocation of the available cy pres funds among such proposed Cy Pres Beneficiaries. A Cy Pres Beneficiary must be either (a) a law school that has a low-income taxpayer

[1] The $1.1 billion paid to farmers as a result of the In re Black Farmers litigation is in addition to the $1.1 billion paid to farmers as a result of a separate but related case, Pigford v. Glickman, Civil Action No. 97-1978 (PLF).

> clinic or program that provides tax advice or assistance to Class Members who have received an award under the Settlement Agreement and that has been approved by the Court or (b) a tax-exempt non-profit organization, other than a law firm, legal services entity, or educational institution, that is providing agricultural, business assistance, or advocacy services, including assistance under Pigford and the Consolidated Case, to African American farmers. If a Subparagraph (a) Cy Pres Beneficiary is approved by the Court, then the Court shall determine the reasonable payment to be made to such Beneficiary from any balance in the Designated Account. Following any payment to a Subparagraph (a) Beneficiary, the Court shall designate the Subparagraph (b) Cy Pres Beneficiaries and determine how much of the available cy pres funds each such beneficiary shall receive. The Claims Administrator shall send to each Cy Pres Beneficiary, via first class mail, postage prepaid, a check in the amount of the Beneficiary's share.

On April 8, 2016, the Court held that it would enforce the cy pres provision of the Settlement Agreement, as modified, and directed Class Counsel to "begin the process of identifying potential cy pres beneficiaries as contemplated by Section V.E.13." Memorandum Opinion and Order [Dkt. No. 458].

Under Section V.E.13, Class Counsel is responsible for recommending to the Court the distribution of available cy pres money among "Cy Pres Beneficiaries" that will satisfy the criteria set forth in the Settlement Agreement. Class Counsel moved the Court on December 8, 2017 to approve the distribution of $4,208,425 of the available cy pres funds among the 26 grantees identified in Class Counsel's motion. <u>See</u> Motion to Designate Cy Pres Beneficiaries and Approve Partial Distribution of Cy Pres Funds Pursuant to Settlement Agreement. [Dkt. No. 496]. On January 10, 2018, this Court approved the first distribution of cy pres funds. <u>See</u> Order [Dkt. No. 500].

## II. PENDING MOTION TO DISBURSE

Class Counsel now requests that the Court approve the distribution of the remaining $8,000,000 in the cy pres fund to the Federation in its capacity as fiscal sponsor for the SFFA.

See Mot. at 3. Class Counsel asserts that based on the input Class Counsel has received from African-American farmers and ranchers, advocates, and allies, the distribution of the remaining cy pres fund "to support the operations of the SFAA is the most impactful way the remaining cy pres fund can be used to help support and build a robust, sustained, and empowered African-American farming community in America" as is required by the Settlement Agreement. Id. Mr. Boyd and the NBFA oppose the proposed distribution, advocating for the cy pres fund to be distributed to the NBFA, instead of the SFFA. See Boyd Opp. at 1. The Court received two letters supporting Mr. Boyd's motion. See Letter from Alexander Pires [Dkt. No. 538]; Letter from James Farrin [Dkt. No. 539]. The government opposes Class Counsel's proposed distribution, in part because the SFFA is "a new, unvetted organization lacking any experience or any demonstrated capacity to manage millions of dollars." Def. Opp. at 1. The government also opposes the alternative distribution proposed by Mr. Boyd and the NBFA. See Defendant's Response to Motion [Dkt. No. 537] at 1.

On August 10, 2026, Class Counsel and the government filed a joint status report including their proposed plans for the hearing. See Joint Status Report ("JSR") [Dkt. No. 541]. In the JSR, Class Counsel indicated that it anticipates calling three witnesses in support of its position. Class Counsel and the government have agreed that they should have equal time at the hearing to question witnesses and make arguments to the Court, and that they anticipate that the presentation of argument and the questioning of witnesses will take approximately three hours. See id. at 2.

On August 20, 2026, the Court set a deadline for Class Counsel to respond to Mr. Boyd's Opposition if it chose to do so. See Order of August 20, 2026 [Dkt. No. 542] at 2. Class Counsel did not respond. The Court also set a deadline for Mr. Boyd to file a reply if he chose to

do so. Id. Finally, the Court ordered Mr. Boyd to file a notice with the Court, indicating whether he would present witnesses and, if so, providing information about those witnesses. Id. Mr. Boyd filed his response to Court's Order, indicating that he does not intend to call any witnesses but asks for time to present his argument and respond to Class Counsel's argument. See Notice [Dkt. No. 543].

Upon consideration of the process proposed in the JSR and all the filings related to Class Counsel's Motion, it is hereby

ORDERED that the Court shall hold a hearing on October 6, 2026, beginning at 10:00 a.m. in Courtroom 29 in the William B. Bryant Annex to the E. Barrett Prettyman Courthouse at 333 Constitution Avenue N.W., Washington, D.C. 20001; it is

FURTHER ORDERED that Class Counsel shall provide notice of the hearing by U.S. mail and/or email to the address last known to Lead Class Counsel for (1) the 24 organizations that were recipients of awards as part of the first phase of cy pres distributions in 2018 and (2) other interested parties who attended the Black Farmers Conference in Atlanta, Georgia, on March 16-17, 2018. On its notice emails or letters, Class Counsel shall copy the government and the Ombudsman and attach this Order; it is

FURTHER ORDERED that the Court shall connect the public-access telephone line for those interested in listening to the hearing; the public-access line does not allow listeners to speak or participate in the hearing. Any member of the public or media may access the public-access line by dialing (833) 990-9400 and using meeting ID 492497252. Any use of the public-access telephone line requires adherence to the general prohibition against recording, livestreaming, and rebroadcasting of court proceedings (including those held by

videoconference). Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or other sanctions deemed necessary by the Court; it is

FURTHER ORDERED that the hearing will proceed in the following order. First, Class Counsel shall present its recommendation and call its witnesses. Class Counsel shall inform the Court on or before September 30 if the anticipated number or identity of those witnesses change. Second, the government shall have an opportunity to respond to Class Counsel's recommendation and to question Class Counsel's witnesses. Third, Mr. Boyd shall have an opportunity to respond to Class Counsel's recommendations, to question Class Counsel's witnesses, and to present his own recommendation. Finally, Class Counsel and the government shall then have an opportunity to respond to Mr. Boyd's recommendation; and it is

FURTHER ORDERED that the limited purpose of the October 6 hearing shall be the disbursement of the money remaining in the cy pres fund and the pending motions of Class Counsel and Mr. Boyd's alternative proposed plans for that distribution. The Court will not hear argument on other issues related to the settlement of this case or the earlier distribution of funds outside the cy pres fund.

SO ORDERED.

Date: 2026.09.23 13:47:25 -04'00'

PAUL L. FRIEDMAN
United States District Judge

DATE: September 23, 2026